

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0845-10

**JASON SHANE DAVIS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

PRICE, J., delivered the opinion for a unanimous Court. JOHNSON, J., filed a concurring opinion.

### O P I N I O N

The appellant was convicted by a jury of the offense of felony escape. His punishment was enhanced by two prior felony convictions, and the jury assessed the minimum enhanced sentence of twenty-five years in the penitentiary. On appeal, he argued, *inter alia*, that the State failed to bring him to trial within the time limits prescribed by the Interstate Agreement on Detainers Act (IADA), and that the trial court therefore erred in failing to dismiss the indictment against him with prejudice in accordance with the remedial

terms of that statute.[1]  In an unpublished opinion, the Dallas Court of Appeals agreed, ordering the trial court to dismiss the indictment with prejudice.[2]  In its petition for discretionary review, the State now contends that the court of appeals erred in its disposition of the appeal.  Specifically, the State argues that the trial court committed an error that prohibited the proper presentation of the case for appeal, and that, therefore, the court of appeals should have remanded the cause to the trial court, under Rule 44.4 of the Rules of Appellate Procedure, to remedy that error and make the record whole.[3]  The State maintains that, upon a proper presentation of the record for appeal, it should become evident to the court of appeals that the terms of the  IADA were not violated and that the appellant received

---

[1]

TEX. CODE CRIM. PROC. art. 51.14.

[2]

*Davis v. State*, 2010 WL 2332326, No. 05-08-01683-CR (Tex. App.—Dallas, delivered June 11, 2010) (not designated for publication).

[3]

TEX. R. APP. P. 44.4.  This provision reads:

(a) *Generally.*  A court of appeals must not affirm or reverse a judgment or dismiss an appeal if:

(1) the trial court's erroneous action or failure or refusal to act prevents the proper presentation of a case to the court of appeals; and

(2) the trial court can correct its action or failure to act.

(b) *Court of Appeals Direction if Error Remediable.*  If the circumstances described in (a) exist, the court of appeals must direct the trial court to correct the error.  The court of appeals will then proceed as if the erroneous action or failure to act had not occurred.

a timely trial. We granted the State's petition to address this contention.[4] Taking a slightly different tack, however, we reverse the court of appeals's judgment with respect to this point of error and remand the cause for consideration of the appellant's remaining points of error on direct appeal.

## PROCEDURAL POSTURE

The appellant escaped from the custody of the Dallas County Jail while being treated at Parkland Hospital, stole a taxicab, and drove it north to Oklahoma. After leading Oklahoma lawmen on a dangerous and protracted high speed chase, he was apprehended, prosecuted, and imprisoned there. Subsequently, the Dallas County District Attorney's Office invoked Article IV of the IADA to bring the appellant back to Texas for prosecution for the felony escape. Subsection (c) of Article IV provides:

> In respect of any proceeding made possible by this article, trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.[5]

The appellant arrived in Dallas County for prosecution on June 18, 2008. A trial date was set for October 6, 2008, ten days before the 120 day time limit under Article IV, Section (c) would expire (October 16, 2008) absent a continuance. Counsel for the appellant obtained

---

[4] TEX. R. APP. P. 66.3(b).

[5] TEX. CODE CRIM. PROC. art. 51.14, Article IV(c).

an extension until October 13th, on which date the trial court granted an agreed motion to amend the original indictment. The next day, October 14th, in open court, the State requested a continuance on account of the hospitalization of its chief witness. The trial court made an express finding on the record that good cause was shown and granted the State a continuance until November 4, 2008. In the meantime, on October 31, 2008, for reasons unclear from the record, the State re-indicted the appellant.

The next setting for which there are reporter's notes in the record was *not* November 4th, however, but December 1, 2008, the day the jury was selected.[6] At the conclusion of voir dire on that date, counsel for the appellant requested:

> [DEFENSE COUNSEL]: Your Honor, can I make one more quick record on something else?
>
> THE COURT: Yes.
>
> [DEFENSE COUNSEL]: I don't know if, Your Honor, last time this case was set for trial noted on the docket sheet my objection to a continuance being granted. We did not have a court reporter.
>
> THE COURT: I don't know if I did or not but you did make a – you did object to me granting the State's continuance. That's correct.
>
> [DEFENSE COUNSEL]: And I just wanted to say I specifically objected on the grounds that a continuance should be denied given the fact that it was premised upon their reindictment. I objected to that. They've had all this time to reindict. They shouldn't have brought him back if they plan on

---

[6] The docket sheet reflects that the trial court convened on November 4th and entered only the cryptic notation: "12-1-08 TRIL". The court of appeals observed that "[t]he docket sheet in the case indicates that the case was continued from November 4, 2008 to December 1, 2008." *Davis v. State*, *supra* at *1. The parties do not now dispute this interpretation.

reindicting him. I believe this is way outside the time limits set forth on the Interstate Agreement on Detainers Act.

THE COURT: Okay. Very well.

It thus appears that the trial court granted another continuance at the State's request, in open court, and over the appellant's objection, on November 4, 2008. But, other than the above colloquy, which suggests that the State sought this second continuance because of its re-indictment of the appellant, the reporter's record does not reflect why the trial court continued the trial until December 1, 2008, a date well beyond the expiration of the 120 day time limit of Article IV, Section (c), of the IADA.[7]

The jury found the appellant guilty of first degree felony escape.[8] The appellant pled true to two enhancement counts and, after hearing two days of punishment testimony, the jury assessed his sentence at 25 years' confinement in the penitentiary, the minimum term to which it could sentence him.[9] On appeal, the appellant renewed his argument that the trial court erred to grant the State's second continuance, and that in doing so, the trial court caused

---

[7] *See Davis v. State*, *supra*, at *2 n.2 ("Even if the State's first motion for continuance based on the hospitalization of the complainant was properly granted, appellant's trial occurred outside the 120-day deadline for proceeding to trial if the court erred in granting the November 4, 2008 continuance. From June 18, 2008 to December 1, 2008, 166 days passed. Excluding from this number the seven days allowed to defense counsel in October and the twenty days allowed to the State based on the complainant's hospitalization, the number of days from the appellant's arrival in Dallas County to his trial date is 139.")

[8] TEX. PENAL CODE § 38.06(a) & (e)(2).

[9] TEX. PENAL CODE § 12.42(d).

the trial to fall outside of the IADA's deadline. The court of appeals agreed, holding that:

> Once appellant made his objection under article four of the IADA, the burden then shifts to the trial court to make a determination on the record of good cause shown to justify the continuance. The trial court failed in this respect. Nothing in the record, other than an oblique statement in defense counsel's argument quoted above, shows why the continuance was granted or how the State provided the trial court with good cause to continue the case. Accordingly, the trial court erred in granting the November 4, 2008 continuance. By improperly continuing the trial, the court caused appellant's trial to begin outside the 120-day window provided under the IADA.[10]

Because the IADA mandates dismissal of a charging instrument with prejudice under these circumstances,[11] the court of appeals remanded the cause to the trial court for entry of an order dismissing the appellant's indictment.[12] Given this disposition, the court of appeals declined to address any of the appellant's remaining contentions on appeal.[13]

In its petition for discretionary review, the State maintains that the court of appeals's disposition of the appellant's IADA claim was premature. If it was indeed the *trial court's* burden to make sure that a good cause determination was made *on the record*, as the court

---

[10] *Davis v. State, supra*, at *2.

[11] *See* TEX. CODE CRIM. PROC. art. 51.14, Article V § (c) ("in the event that an action on the indictment . . . on the basis of which the detainer has been lodged is not brought to trial within the period provided in . . . Article IV hereof, the appropriate court of the jurisdiction where the indictment . . . has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.").

[12] *Davis v. State, supra*, at *3.

[13] *Id*.

of appeals held, and the trial court simply failed to do so, then the trial court committed remediable error in contemplation of Rule 44.4 of the Rules of Appellate Procedure. The court of appeals should not have ordered the radical remedy of dismissal of the indictment with prejudice, argues the State, without at least first remanding the cause to the trial court for that court to make a retrospective record of the good cause, if any, that convinced it on November 4, 2008, to grant the State's second requested continuance. Once the record could be supplemented in this way, the State urges, the court of appeals could reconsider the appellant's IADA point of error. In our view, however, a remand to the trial court is ultimately unnecessary, as we shall now explain.

## ANALYSIS

The court of appeals held that the IADA placed a burden on the trial court, once the appellant objected to the second continuance, to make sure that the record reflected the State's proffer of good cause (if any). If we delve no further into the case than this, the question for discretionary review simply boils down to whether the trial court's failure to make such a record should be regarded as remediable for purposes of Rule 44.4. On its face, Rule 44.4 authorizes a remand to the trial court only when the record is inadequate to present a claim due to some "erroneous action or failure or refusal to act" on the part of the trial court, as opposed to one of the parties.[14] We see no reason that a trial court's failure to make

---

[14] TEX. R. APP. P. 44.4(a)(1).

a record of the State's proffer of good cause for IADA purposes (assuming that it is, indeed, the trial court's burden to make such a record) would *not* constitute the kind of remediable error on the trial court's part that Rule 44.4 was designed to address. This would be comparable to a Rule 44.4 remand to allow the trial court to enter findings of fact and conclusions of law when it erroneously failed to do so, upon request of the losing party, following a pretrial motion to suppress,[15] or to allow an appellant to make an offer of proof of evidence deemed inadmissible at trial when the trial court erroneously denied him that opportunity on the record.[16] As long as it is limited in purpose to reconstructing the State's actual proffer of good cause on November 4th, and the trial court's actual ruling thereon, and does not permit the State to retroactively justify a continuance for which no good cause was proffered at the time it was granted, a Rule 44.4 remand would seem to be in order. Under these circumstances, an appellate court "must not" dispose of a case without first remanding it for remedial action under Rule 44.4.

In his reply brief, however, the appellant maintains that the court of appeals erred to characterize the absence of a reporter's record of the November 4th hearing as a "failure or refusal to act" on the *trial court's* part, in contemplation of Rule 44.4. While Article IV, Subsection (c) of the IADA requires that any showing of good cause be made, *inter alia*, "in

---

[15] *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006); *LaPointe v. State*, 225 S.W.3d 513, 522 (Tex. Crim. App. 2007).

[16] *LaPointe v. State, supra*; *Spence v. State*, 758 S.W.2d 597, 599-600 (Tex. Crim. App. 1988).

open court," the appellant argues, it does not require that the showing necessarily be made *on the record*, much less does it explicitly assign a burden to the trial court to ensure that it is. The trial court obviously had a duty under the IADA to deny any motion for continuance that was not made "in open court," or in the absence of good cause, the appellant claims; but any failure to comply with *those* duties would not be remediable under Rule 44.4. Because the IADA places no burden on the trial court to make sure that any showing of good cause is *memorialized*, by assuring that it is spread on the record, the appellant insists, there is no trial court error in that regard to be remedied. The appellant would have us assign the burden of making a record of the November 4[th] hearing, instead, to the State, as the beneficiary of the motion for continuance. Because the State took no action to make sure that the court reporter was present to transcribe any showing of good cause in support of its motion for continuance, the appellant asserts, the lack of such a showing on the record should operate to its detriment. The court of appeals rightly ordered the dismissal of the indictment, not because (as it held) the trial court failed to put the hearing on the record, but because the State did. And in that event, the appellant concludes, Rule 44.4 should not apply.

So we are squarely confronted with the question: What was the erroneous action or failure to act in this case, and whose error was it? Did the error lie in the trial court's granting of the State's second motion for continuance in the absence of a showing of good cause? The colloquy between the appellant and the trial court suggests that the State did, in fact, make a proffer of good cause—the re-indictment of the appellant—and that the

appellant simply believed that its proffer was inadequate. And yet, at least one federal appellate court has held that re-indictment may well constitute good cause for a continuance, at least under certain circumstances, under the IADA.[17] We simply do not know, on the condition of the record before us, whether the State made an adequate proffer of good cause. Is the error, then, a failure on the trial court's part to memorialize the hearing on the motion for continuance? If so, then, as we have already observed, a Rule 44.4 remand to make the record show what the State's proffer on November 4th really *was* would be appropriate.

But we agree with the appellant that there is nothing in the language of Article IV, Section (c) of the IADA that imposes a burden on the *trial court*, expressly or by necessary implication, to ensure that any proffer of good cause (though it must be made in open court) is memorialized by the court reporter. The court of appeals erred to hold otherwise. If no such burden exists by virtue of the IADA itself, then we cannot invoke Rule 44.4 to require the court of appeals to remand the cause for remedial action without first identifying some *other* provision of law that unequivocally assigns a burden exclusively to the trial court to secure the presence of a court reporter for the November 4th hearing. We know of none. Section 52.046 of the Government Code, defining the general powers and duties of an official court reporter, requires the court reporter's attendance at "all sessions of the

---

[17] *King v. Brown*, 8 F.3d 1403, 1409-10 (CA9 1993).

court"—but only "[o]n request."[18] There is no such request reflected in the clerk's record of this case. On the other hand, Rule 13.1 of the Rules of Appellate Procedure seems to dispense with the requirement that the parties themselves request the attendance of the official court reporter, instead directly requiring that the official court reporter must, "unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings[.]"[19] Given this language, at least one court of appeals has held that Rule 13.1 does *not* impose any duty on the trial court, but only on the official court reporter.[20] If that is indeed the case, then we would be obliged to agree with the appellant that the *trial court* committed no error in this case that could be properly remedied by a Rule 44.4 remand.

But we cannot simply let the matter end there. The appellant insists that, if the trial court had no burden to make a record of the November 4th hearing, then the deficiency in the record must work against the State, as the party that moved for the continuance. With this

---

[18] TEX. GOV'T CODE § 52.046(a)(1).

[19] TEX. R. APP. P. 13.1(a). *See* 43A George E. Dix & Robert O. Dawson, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 43.302 (2d ed. 2001), at 575 (Rule 13.1 "appears to eliminate any prior need for a request"). At least one court of appeals, in an *en banc* plurality opinion, has held that Rule 13.1 is "void" because it modified the substantive law, echoed in Section 52.046(a)(1) of the Government Code, that required the parties to request attendance of the court reporter. *Polasek v. State*, 16 S.W.3d 82, 89 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Professors Dix and Dawson have questioned the viability of this holding, *Dix & Dawson*, *supra*, and another court of appeals has declined to follow it. *Tanguma v. State*, 47 S.W.3d 663, 671 (Tex. App.—Corpus Christi 2001, pet. ref'd). This Court has yet to weigh in on this question, and, given our ultimate disposition, we need not do so today.

[20] *Tanguma v. State*, *supra*.

proposition we disagree. Indeed, even if Rule 13.1 *does* impose a preliminary burden on the *trial court* to ensure the presence of a court reporter at all proceedings, our case law also imposes an additional, independent burden on the appealing party to make a record demonstrating that error occurred in the trial court.[21] This includes a burden to object when the official court reporter is *not* present, as he is required to be under Rule 13.1, in order to preserve any error that may occur for appeal.[22] The appellant claims he is entitled to dismissal of the indictment because the record does not show that the State satisfied its burden to demonstrate good cause for the continuance. But even though the State had that burden at trial, the appellant, as the appealing party, had an obligation to present a record in the court of appeals that demonstrates he is entitled to appellate relief.[23] In the IADA context, this means he must present a record adequate to *show* that the State did not satisfy its trial-level burden to present good cause for the continuance, and that the trial court

---

[21] *Newman v. State*, 331 S.W.3d 447, 450 (Tex. Crim. App. 2011).

[22] *See id.* ("This record also does not show whether appellant objected in the event that the court reporter was not present to transcribe" a critical speedy trial hearing); *Valle v. State*, 109 S.W.3d 500, 507-509 (Tex. Crim. App. 2003) (though court reporter's presence is "automatic" under Rule 13.1, rather than upon request, appellant must still object to failure of court reporter to transcribe bench conference before predicating appellate error on that failure); *Dix & Dawson*, *supra*, at 576 (even under the "automatic" provision for the presence of the official court reporter under Rule 13.1, "a party should not be permitted to ignore at the time a court reporter's dereliction of duty and later rely on that dereliction to challenge a conviction").

[23] *See Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007) (though State had burden to show reasonable suspicion at motion to suppress hearing, "[i]t was . . . appellant's burden to bring forward a record on appeal sufficient to show that the trial court erred in his ruling on the motion to suppress").

therefore abused its discretion to grant it.

From defense counsel's colloquy with the trial court, quoted above, it appears that the State proffered the re-indictment as its good cause. Because this is all the record reveals about the circumstances of the re-indictment, we cannot tell whether there may have been justification for the trial court to grant the State additional time to prepare. On this state of the record, we cannot say that the trial court abused its discretion to find that the continuance was "necessary or reasonable" for purposes of Article IV, Section (c). We have consistently held that it is the appealing party—here, the appellant rather than the State—who must bear the consequences of such a deficiency in the record.

## CONCLUSION

The failure, then, is neither the trial court's nor the State's, but the appellant's. We hold that the record is insufficient to establish that the provisions of the IADA were violated because it does not demonstrate that the trial court abused its discretion to grant the State's November 4th request for a continuance under Article IV, Section (c). The court of appeals erred to order the dismissal of the indictment with prejudice. The judgment of the court of appeals is, accordingly, vacated and the cause is remanded to that court so that it can address the appellant's remaining points of error on appeal.

DELIVERED:     June 8, 2011
PUBLISH