

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00444-CR

NORMAN SPORE BOLTON                                                      APPELLANT

V.

THE STATE OF TEXAS                                                             STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant appeals from the trial court's order denying postconviction DNA testing. We affirm.

In his first issue, appellant contends that he was denied due process "because the trial court proceeded without first informing appellant his March 9, 2012, motion had never been filed and had apparently been lost and

---

[1]*See* Tex. R. App. P. 47.4.

because the trial court did not give appellant an opportunity to file a motion to substitute for his March 9, 2012, motion."

The clerk's record contains a July 12, 2012 letter from appellant to the district clerk's office asking about his second "'Motion for Appointment of Counsel' With Motion to Petition the Court[] for Court Order to Appointed Expert for DNA Testing." Appellant noted that he had received no response from the district clerk's office as to whether the motions had been filed.

Although appellant claims that his motion for DNA testing was never filed, a supplemental clerk's record filed in this appeal shows that appellant's March 9, 2012 motion was filed by the district clerk on March 20, 2012. We overrule appellant's first issue.

In his second issue, appellant contends that he was denied due process because the court reporter was not excused by agreement of the parties as required by rule 13.1 of the rules of appellate procedure. Tex. R. App. P. 13.1(a).

The court of criminal appeals has held that it is an appellant's burden to object to the lack of a reporter's record in the trial court. *Davis v. State*, 345 S.W.3d 71, 77–78 (Tex. Crim. App. 2011); *Valle v. State*, 109 S.W.3d 500, 507–509 (Tex. Crim. App. 2003). Appellant did not do so here. Moreover, chapter 64 of the code of criminal procedure does not require a trial court to hold an evidentiary hearing before ruling on a motion for DNA testing. *Ex parte Gutierrez*, 337 S.W.3d 883, 893 (Tex. Crim. App. 2011). The order denying appellant's motions states only that the motion was presented to the court;

nothing in the record indicates that the trial court held an evidentiary hearing on appellant's motions. Accordingly, there were no proceedings for the court reporter to record. *Id.* at 892 ("[A] person's effort to secure testing under Chapter 64 does not involve any constitutional considerations."); *cf. Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 782 (Tex. 2005) ("What is clear is that a reporter's record is required only if evidence is introduced in open court; for nonevidentiary hearings, it is superfluous. If all the evidence is filed with the clerk and only arguments by counsel are presented in open court, the appeal should be decided on the clerk's record alone." (footnotes omitted)). We therefore overrule appellant's second issue.

Having overruled both of appellant's issues, we affirm the trial court's order.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 30, 2013

3