PD-1427-13
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/20/2015 10:08:34 AM
Accepted 2/20/2015 10:24:21 AM
ABEL ACOSTA
CLERK

NO. PD-1427-13

**VANESSA CAMERON**,
Appellant
v.

**THE STATE OF TEXAS,**
Appellee

## STATE'S BRIEF FOLLOWING THE GRANTING OF REHEARING ON PETITION FOR DISCRETIONARY REVIEW

From the Court of Appeals for the
Fourth Court of Appeals District of Texas
at San Antonio, No. 04-12-00294-CR,
and the 379th District Court of
Bexar County, Trial Court No. 2010-CR-4286C,

NICHOLAS "NICO" LaHOOD
Criminal District Attorney
Bexar County, Texas

JAY BRANDON
Assistant District Attorney
SBN 02880500
101 W. Nueva
San Antonio TX 78205
(210) 335-2418
jay.brandon@bexar.org

TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES                           3

STATEMENT OF PROCEDURAL HISTORY                5

FURTHER BRIEF ON REHEARING                     5

PRAYER FOR RELIEF                             11

CERTIFICATE OF SERVICE                        11

# INDEX OF AUTHORITIES

Page

*Cameron v. State*, ___ S.W.3d ___, No. 04-12-00294
   (Tex. App.—San Antonio 2013, pet. filed)      4

*Davis v. State*, 345 S.W.3d 71 (Tex.Crim.App. 2011)     7

*George v. State,* 20 S.W.3d 130 (Tex.App.—Houston [1st Dist.]
   2001, pet. ref'd).     7

*Green v. State*, 912 S.W.2d 189 (Tex. Crim.App. 1995)     7

*Herron v. State*, 86 S.W.3d 621 (Tex.Crim.App. 2002)     8

*Hinojosa v. State*, 995 S.W.2d 955 (Tex.App.—Houston [14th Dist.]
   1999, no pet.)     8

*Lilly v. State*, 365 S.W.3d 321 (Tex.Crim.App. 2012)     6

*Linney v. State*, 401 S.W.3d 764 (Tex.App.—Houston [14th Dist.]
   2013, pet. ref'd)     7

*Mattei v.State* 455 S.W.2d 761 (Tex.Crim.App. 1970)     8

*Mays v. State*, 285 S.W.3d 884 (Tex.Crim.App. 2009)     7

*Melendez v. State*, 4 S.W.3d 437 (Tex.App.—Houston [1st Dist.]
   1999, no pet.)     7

*Poole v. State*, 974 S.W.2d 892 (Tex.App.—Austin 1998, no pet.)     8

*Reyna v. State*, 168 S.W.3d 173 (Tex.Crim.App. 2005)     10

*Steadman v. State*, 360 S.W.3d 499 (Tex.Crim.App. 2012)     5

STATEMENT OF PROCEDURAL HISTORY

On September 18, 2013, the Fourth Court of Appeals handed down an opinion reversing the conviction in this case and remanding to the trial court for new trial. The majority opinion by Justice Rebeca Martinez was joined by Chief Justice Stone. *Cameron v. State*, ___ S.W.3d ___, No. 04-12-00294-CR (Tex.App. –San Antonio, delivered September 18, 2013, pet. pending). Justice Angelini wrote a dissent.

On January 15, 2014, this Court granted review. An opinion followed affirming the opinion of the court of appeals, with three judges of this Court dissenting. Subsequently this Court granted the State's motion for rehearing and ordered further briefing and oral argument.

TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:

Since this Court's granting of rehearing, Appellant has filed several pleadings, including a "brief on rehearing and response to State's motion for rehearing on petition for discretionary review." This reply to that pleading is intended to comply with this Court's order for further briefing. The State also wishes to incorporate its previous briefs, particularly its motion for rehearing in this Court.

*Response to Appellant's Claim that the State has Misrepresented the Record*

In my motion for rehearing, I said of the majority opinion on original

4

submission, "The opinion acknowledges that the trial judge said in essence, Defense, the courtroom is open, bring in anyone you want and we'll accommodate them." *State's Motion for Rehearing at p. 2.* Appellant now says of that claim, "Nothing could be further from the truth." *Appellant's Brief on Rehearing at p. 2.* In fact, on page 5 of the slip opinion, the majority opinion quotes the trial court as saying, "Recognizing that the courtroom is not closed, Defense, before you begin your general *voir dire*, you're certainly able to bring in some family members and we will do our best to accommodate them in areas around the gallery where the Court, where the bailiffs feel security will not be an issue."   Appellant's attorney responded, "Thank you, Judge." (RR2 83)

The majority opinion quoted the trial court as saying this, but did not include the ruling in its analysis.  This was exactly the solution to a crowded courtroom this Court suggested in *Steadman v. State*[1], allowing a defendant's family members to sit in the courtroom as seats opened up because of excused venire members: "Moreover, the record in this case shows that, by the time the parties exercised their peremptory strikes and the jury was called and seated, at least five veniremembers had been dismissed, either on challenge for cause or by agreement of the parties.  This would have provided a sufficient number of seats in the gallery from which the appellant's family members could have observed the

---

[1] 360 S.W.3d 499, 510, n. 37 (Tex.Crim. App. 2012)

5

proceedings…" Even though this trial court followed that procedure, the majority opinion still held the court was closed to the public, in spite of the trial court's numerous rulings that it was not.

So I did not mischaracterize either the record or this Court's majority opinion.

*The Defense as the Objecting Party Did Not Carry its Burden of Proving the Court was Closed.*

The State's argument on appeal has always been that the defense did not carry its burden to show that the courtroom was closed, a burden made apparent by this Court's opinion in *Lilly v. State*.[2]  In her reply, Appellant misinterprets this to say the State is trying to shift the burden of proof to the defendant to show how the courtroom could accommodate the public.  This is a different burden of proof, and not the State's argument at all.

The appellant's burden, as the appellant, is to make a record that supports the claim on appeal.  Here, Appellant claims the courtroom was closed, in spite of the trial court's insistence, and explicit fact-finding, that it was not.  The court did its best to accommodate the defense request for spectators, and the discussions continued.  At one point, as the opinion notes, that discussion went off the record: "After this, the court went off the record and apparently continued the discussion, but there is no indication that any spectators were allowed into the court room."

---

[2]  365 S.W.3d 321 (Tex.Crim.App. 2012).

6

*Slip op.* at p. 4. This statement also means there is no indication spectators were not allowed into the courtroom.[3] If the defense had the burden of proving its claim, as *Lilly* says it does, then the defense failed to carry it.

Instead, the majority opinion dismissed the State's previously-granted ground for review concerning which party has the burden of proof. The opinion gives no reason for this dismissal of the dispositive issue in this appeal.

"[T]he burden of making a record to reveal or dispel error rests with the parties, not the court."[4] The burden is always on the appealing party to make an adequate record for appeal.[5]

Case law imposes a "burden on the appealing party to make a record demonstrating that error occurred in the trial court."[6] "This Court does not decide cases based on speculation about matters not shown in the record." [7]

The burden is also on the objecting party at trial to demonstrate that its objection is accurate. [8] Similarly, the moving party always has the burdens of both

---

[3] The opinion acknowledges this same lack of evidence again in footnote 2 and more explicitly in footnote 3: "Again, the record does not indicate that this [spectators entering the courtroom] actually happened." Inexplicably, the opinion holds this lack of evidence against the trial court rather than against the objecting party.

[4] *George v. State,* 20 S.W.3d 130, 140 (Tex.App.—Houston [1st Dist.] 2001, pet. ref'd).

[5] *Mays v. State*, 285 S.W.3d 884, 890 (Tex.Crim.App. 2009); *Linney v. State*, 401 S.W.3d 764, 773 (Tex.App.—Houston [14th Dist.] 2013, pet. ref'd); *Melendez v. State*, 4 S.W.3d 437, 443 (Tex.App.—Houston [1st Dist.] 1999, no pet.).

[6] *Davis v. State*, 345 S.W.3d 71, 77 (Tex.Crim.App. 2011).

[7] *Green v. State*, 912 S.W.2d 189, 192 (Tex. Crim.App. 1995).

[8] *Herron v. State*, 86 S.W.3d 621, 630 (Tex.Crim.App. 2002) (*Batson* challenge); *Hinojosa v. State*, 995 S.W.2d 955, 958 (Tex.App.—Houston [14th Dist.] 1999, no pet.); *Poole v. State*, 974 S.W.2d 892, 897 (Tex.App.—Austin 1998, no pet.).

persuasion and proof. [9]

In this case as the appellant, the objecting party, and the moving party (to open the court to the public), Appellant had the burden of proving her claim and of making a record that supports it. When the record does not show one way or the other (as the majority opinion acknowledges) whether any spectators entered the courtroom, Appellant has not carried that burden. When this Court has to guess what happened in a discussion off the record, Appellant has not preserved this claim of error.

Furthermore, by saying on the record, "Okay, Judge. Thank you," when the court suggested a solution, and then going off the record to discuss the issue further[10], Appellant again failed to make an adequate record. This record seems more to demonstrate that the trial court had taken care of the problem. Certainly that is the signal the defense sent to the court.

When this Court has to speculate as to what happened in an off-the-record discussion, and cannot tell whether spectators ever entered the courtroom or not, this claim cannot be adequately analyzed on appeal. This Court should address burden of proof in a claim such as this one. It is the one issue vital to proper resolution of this appeal.

*Appellant Failed to Object to Lack of Ruling*

---

[9] *Mattei v.State* 455 S.W.2d 761 (Tex.Crim.App. 1970)(motion to suppress evidence).
[10] (RR2 10)

Texas Rule of Appellate Procedure 33.1 has three simple requirements to preserve an issue for appeal. The appellant must make an objection, obtain a ruling on that objection, or object to the court's lack of a ruling. Appellant never took that final step to preserve this issue.

The majority opinion quotes extensively from the record, and notes that Appellant objected multiple times. *Slip op.* at 7. The opinion then quotes Rule 33.1, emphasizing the part of the rule saying the court refused to rule on the request:

> Texas Rule of Appellate Procedure 33.1 clearly states that, in order to preserve error, the record must show that the trial court either 'ruled on the request, objection, or motion either expressly or implicitly *or refused to rule on the request, objection, or motion,* and the complaining party objected to the refusal.'

The opinion then says, "This happened below."

With all due respect, no, it did not. While quoting Appellant's objections, the opinion never quotes Appellant objecting to the trial court's supposed refusal to rule. This is unsurprising, as Appellant never made that required objection. The opinion emphasizes the "refused to rule" portion of the rule, but ignores the phrase that follows.

There are good reasons for all the requirements of Rule 33.1. When a lawyer makes an objection and instead of ruling on it the trial court says it is factually inaccurate, then discussion ensues (some off the record), ending with

9

defense counsel thanking the court, defense counsel has sent a clear signal to the trial court that the problem is fixed. If the lawyer doesn't think so, he must say, "I object to the court's failure to rule on my objection." That is the required way to signal continuing dissatisfaction to the court.

Otherwise a lawyer can send that false signal to the court, then claim error on appeal. Rule 33.1 does not allow this. Neither should this Court.

*Conclusion*

The trial court can only declare that a courtroom is open to the public. It cannot ensure the attendance of the defendant's family and friends. Only the defense can do that. It is apparent in this case that the defense refused to do so.

In my motion for rehearing, I quoted an opinion from this court saying Rule 33.1 is a "judge-protecting rule."[11] It is also a rule that protects the integrity of the trial process. Objections cannot be hidden or made in secret. A trial court's responsibility is to ensure a fair trial that follows rules of procedure. When a party fails to follow those procedures, the trial court cannot do its job. This Court should not allow a party to indicate to the trial court that it has solved a problem, then claim otherwise on appeal. The complaint in this case has nothing to do with a fair trial. It is about gamesmanship.

---

[11] *Reyna v. State*, 168 S.W.3d 173, 177 (Tex.Crim.App. 2005).

PRAYER FOR RELIEF

The State prays that this Court will reverse the judgment of the court of

appeals and remand to that court to address Appellant's remaining points of error.

Respectfully submitted,

NICHOLAS "NICO" LaHOOD
Criminal District Attorney
Bexar County, Texas

*Jay Brandon*

JAY BRANDON
Assistant Criminal District Attorney
Bexar County, Texas
101 West Nueva, 3rd Floor
San Antonio, Texas 78204
(210) 335-2418
State Bar No. 02880500
Attorneys for the State

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing motion was sent by electronic mail to

Gerald Goldstein, and by mail to State Prosecuting Attorney Lisa McMinn, 209 W.

14th Street, Suite 202, Austin TX 78701, on the 20th day of February, 2015.

*Jay Brandon*

JAY BRANDON