# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH
### NO. 02-16-00023-CR


MICHAEL E. WATERMAN                                   APPELLANT

V.

THE STATE OF TEXAS                                          STATE

-----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1343794D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael E. Waterman appeals from the adjudication of his guilt for possession of between four and 200 grams of oxycodone, the revocation of his community supervision, and his three-year sentence. Because Waterman procedurally defaulted his claim regarding the lack of a reporter's record, we affirm.

---

[1]See Tex. R. App. P. 47.4.

On November 12, 2013, Waterman pleaded guilty to possession of between four and 200 grams of oxycodone. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(A), 481.115(a), (d) (West 2010). Pursuant to a plea-bargain agreement, the trial court deferred adjudicating his guilt and placed him on community supervision for five years. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2015). On October 30, 2015, the State filed a petition to proceed to adjudication, alleging that Waterman had violated four of the terms of his community supervision. Waterman pleaded true to two of the violation paragraphs. On December 30, 2015, the trial court, after hearing "testimony," found those two paragraphs true, revoked Waterman's community supervision, adjudicated his guilt of the underlying offense, and sentenced him to three years' confinement. After Waterman filed his notice of appeal, the court reporter notified this court that her "log book" reflected that "there was no[] Stenographic record of [Waterman's revocation] hearing."

On appeal, Waterman argues that he is entitled to a new revocation hearing or a hearing "to develop how the [c]lerk's record indicates testimony was heard but the court reporter states that no reporter's notes were made." *See* Tex. R. App. P. 34.6(f). He asserts that the discrepancy between the clerk's record and the court reporter's notification essentially equates to a lost record under rule 34.6(f) through no fault of his own, entitling him to relief under that rule.

A court reporter must generally make a full record of all proceedings. *See* Tex. R. App. P. 13.1(a). But to preserve error related to a court reporter's failure to do so, a defendant must object. *See* Tex. R. App. P. 33.1; *Davis v. State*, 345 S.W.3d 71, 77 (Tex. Crim. App. 2011). There is nothing in the record to suggest that Waterman objected to either the absence of a court reporter or, if present, her failure to record the revocation hearing, and Waterman does not assert that he did. Thus, he has failed to preserve for our review any error arising from the absence of a reporter's record. *See Valle v. State*, 109 S.W.3d 500, 508–09 (Tex. Crim. App. 2003); *Rodriguez v. State*, Nos. 01-13-00447-CR, 01-13-00448-CR, 2016 WL 921584, at *11 (Tex. App.—Houston [1st Dist.] Mar. 10, 2016, no pet. h.). Even if Waterman preserved this complaint for our review, he has failed to show (1) that the hearing was actually recorded, which renders him ineligible for relief under rule 34.6(f), or (2) that the absence of a record bears on any issue he could have raised in this appeal given that he pleaded true to two of the violation paragraphs. *See Williams v. State*, 937 S.W.2d 479, 486 (Tex. Crim. App. 1996); *Rodriguez*, 2016 WL 921584, at *11; *Sellers v. State*, No. 01-12-00163-CR, 2013 WL 3868167, at *2–4 (Tex. App.—Houston [1st Dist.] July 23, 2013, no pet.) (mem. op., not designated for publication); *Aranda v. State*, Nos. 2-08-119-CR, 2-08-120-CR, 2009 WL 279489, at *2–4 (Tex. App.—Fort Worth Feb. 5, 2009, no pet.) (mem. op., not designated for publication). We overrule Waterman's issues and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

                                        /s/ Lee Gabriel

                                        LEE GABRIEL
                                        JUSTICE

PANEL:  GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 28, 2016

4