

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00247-CR

**SANTOS VICTOR RUIZ, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 15-00539-CRF-361**

# ORDER

In the instant case, appellant, Santos Victor Ruiz Jr., was convicted of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02 (West Supp. 2016). Ruiz filed his notice of appeal on August 1, 2016. Subsequently, on March 22, 2017, Ruiz filed a motion for extension of time to file his appellant's brief, asserting that the briefing schedule needed to be reset due to an incomplete Reporter's Record. In particular, Ruiz complained that the Reporter's Record did not contain transcripts from hearings

conducted on June 30, 2016 and July 7, 2016. Accordingly, Ruiz argued that he cannot complete his appellant's brief until he has a copy of the complete Reporter's Record. We granted Ruiz's request to reset the briefing schedule and ordered him to file his appellant's brief within thirty days after the filing of a Supplemental Reporter's Record containing the transcripts from the June 30, 2016 and July 7, 2016 pre-trial hearings.

Thereafter, on May 3, 2017, we received a letter from Court Reporter Wendy L. Kirby about this matter. In her letter, Ms. Kirby expressed difficulty in preparing, certifying, and filing the Reporter's Record pertaining to the June 30, 2016 hearing held before Magistrate Glynis Gore, a judge who has since resigned her post due to medical issues. According to Ms. Kirby, an electronic recording, rather than a stenographic recording, was made of the hearing. *See* TEX. R. APP. P. 34.6(a)(2). The magistrate court informed Ms. Kirby "that they are not responsible for transcribing those proceedings and attached the electronic recording file to their email response." Ms. Kirby responded that she is "unable to transcribe and certify the proceedings" because she was not present for the June 30, 2016 hearing. **Ms. Kirby has also indicated that the transcript for the July 7, 2016 hearing is prepared and ready to be filed. By a separate order, we order Ms. Kirby to file this record with this Court within seven days.**

On May 16, 2017, we requested responses from the State and Ruiz "detailing whether and how the Court may obtain an official Reporter's Record, within the confines of the Texas Rules of Appellate Procedure, in this appeal and what must occur in this

appeal if a Reporter's Record of the June 30, 2016 hearing cannot be prepared and filed." Both Ruiz and the State responded to our May 16, 2017 letter order.

In his response, Ruiz argued that he is entitled to a new trial under Texas Rule of Appellate Procedure 34.6(f) because the unavailability of the complete Reporter's Record was not his fault, and because indigent criminal defendants are entitled to a free and complete trial record in their appeal. *See id.* at R. 34.6(f); *see also Griffin v. Illinois*, 351 U.S. 12, 19-20, 76 S. Ct. 585, 590-91, 100 L. Ed. 891 (1956). The State responded that Ruiz did not request a court reporter or object to the reporter's failure to record the proceedings; therefore, any right to the record of the June 30, 2016 hearing was forfeited. As such, the State contended that Ruiz's request for a new trial should be denied. The State also asserted that the record from the June 30, 2016 hearing is not lost.

Absent a specific request by a party, the court has no duty to provide an official court reporter for the proceedings. *See* TEX. GOV'T CODE ANN. § 52.046(a) (West 2013). However, in his response, Ruiz highlights Texas Rule of Appellate Procedure 13.1, which provides, in relevant part, that "[t]he official court reporter or court recorder must: (a) unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings." TEX. R. APP. P. 13.1. Essentially, Ruiz suggests that the duties expressed in Texas Rule of Appellate Procedure 13.1 trump section 52.046(a) of the Government Code, thus creating a mandatory duty to create a full record of the proceedings unless affirmatively waived.

In a similar circumstance, the Fourteenth Court of Appeals has stated the following regarding an argument that Rule 13 trumps section 52.046(a):

> The Texas Court of Criminal Appeals has held otherwise. *See Davis v. State*, 345 S.W.3d 71, 77 (Tex. Crim. App. 2011) (noting that the defendant did not request a court reporter under 52.046(a) and, regardless, "even if Rule 13.1 *does* impose a preliminary burden on the *trial court* to ensure the presence of a court reporter at all proceedings, our case law also imposes an additional, independent burden on the appealing party to make a record demonstrating that error occurred in the trial court. This includes a burden to object when the official court reporter is not present, as he is required to be under Rule 13.1, in order to preserve any error that may occur for appeal." (emphasis in original)); *Valle v. State*, 109 S.W.3d 500, 508-09 (Tex. Crim. App. 2003) (holding that even under Rule 13.1 it was incumbent upon the defendant to object if bench conferences were not recorded in order to preserve error for appeal). Therefore, because appellant did not request a court reporter or object to the reporter's failure to record the proceedings, any right to a record of the punishment hearing was forfeited.

*Satterfield v. State*, 367 S.W.3d 868, 871 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).

The Amarillo Court of Appeals has also noted the following regarding the absence of a hearing transcript:

> Second, we agree with the State that error preservation requirements are fatal to appellant's contention on direct appeal. Appellant's contention runs afoul of error preservation requirements on two levels. First, on a procedural level, if appellant is correct that the court reporter failed to record challenges for cause or other events leading to the dismissal of a member of the venire, and if appellant desired them to be recorded, it was for him to raise a complaint with the trial court. *See Valle v. State*, 109 S.W.3d 500, 508-09 (Tex. Crim. App. 2003) (holding party must object in trial court to preserve appellate complaint about failure to record bench conferences); *cf. Davis v. State*, 345 S.W.3d 71, 77 n.22 (Tex. Crim. App. 2011) (quoting GEORGE E. DIX & ROBERT O. DAWSON, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 43.302 (2d ed. 2001), at 576 ("a party should not be permitted to ignore at the time a court reporter's dereliction of duty and later rely on that dereliction to challenge a conviction")). The appellate

> record contains no objection presented to the trial court complaining of any matter related to the court reporter or the taking of the record.

*Ham v. State*, 355 S.W.3d 819, 822-23 (Tex. App.—Amarillo 2011, pet. ref'd); *see Newman v. State*, 331 S.W.3d 447, 450 (Tex. Crim. App. 2011) ("The record appellant presented, however, contains no reporter's record of any hearing that may have occurred on June 26, 2008. This record also does not show whether appellant objected in the event that the court reporter was not present to transcribe the June 26, 2008 hearing. . . . We decide that appellant has failed to present a record demonstrating that the trial court's decision should be overturned. With appellant having had a hearing, having lost in the trial court on his speedy-trial claim, and then having presented no record at all of a June 26, 2008 hearing on this claim, appellant should also have lost on direct appeal." (internal citations omitted)).

In addition to the foregoing, we note that section 54.309 of the Government Code provides that: "At the request of a party in a felony case, the court shall provide a court reporter to record the proceedings before the magistrate." TEX. GOV'T CODE ANN. § 54.309 (West 2013). Therefore, like before, the failure to request a court reporter/recorder or object to a reporter's failure to record a hearing before a magistrate forfeits any right to a record of that hearing.

Here, Ruiz states that he "timely requested a reporter's record"; however, other than his request for the reporter's record on appeal, there is no indication that he requested that a court reporter transcribe the June 30, 2016 hearing at the time the hearing

Ruiz v. State **Page 5**

was conducted.[1]  The record also does not show that Ruiz objected to the purported failure of the trial court to provide a court reporter to transcribe the June 30, 2016 hearing at the time of the hearing.  Therefore, given the above, we decline to order a new trial, as requested by Ruiz in his response filed in this Court on May 30, 2017.  Moreover, we order Ruiz to file his appellant's brief within thirty days of the filing of the July 7, 2016 hearing transcript.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
(Chief Justice Gray dissenting with a note)*
Motion denied
Order to file appellant's brief
Order issued and filed July 26, 2017

*(Chief Justice Gray does not join this order.  He believes that it is premature to address the merits of the issue briefed by the parties and decided by the Court.  This is not the first time that we have had difficulties in getting a transcription of an electronic recording made in lieu of having a court reporter present at a hearing. *See West v. State*, No. 10-13-00098-CR (Tex. App.—Waco Feb. 27, 2014, ord.) (not designated for publication).  Converting the electronic recording to a written transcription is not normally necessary but presents unique challenges.  The process of using electronic recordings at some hearings and for some proceedings is designed to reduce the overall cost of the judicial process by allowing electronic recordings in proceedings that are unlikely to result in appeals or appealable issues.  In this case, the procedures for converting an electronically-recorded record to a transcribed written record do not appear to have been exhausted, *see* TEX. R. APP. P. 13.2; 34.6(a)(2); 38.5; and Rules Governing the Procedure for Making a Record of Court Proceeding by Electronic

---

[1] It is also of note that the docket sheet reflects that the State and Ruiz put their plea offers on the record at the June 30, 2016 hearing.

Recording, and certainly the procedure for dealing with a lost or destroyed record have not been utilized.  *See* TEX. R. APP. P. 34.6(f).

Moreover, this issue is not about the failure of a reporter to be present to make the record of the hearing.  The hearing was being electronically recorded.  There may, or may not, have been an error in the methodology of making the electronic recording, which is an issue that has not been addressed.  But an electronic recording of the hearing was made and it does not appear that anyone has actually attempted to transcribe it.  Chief Justice Gray would require the parties to exhaust the remedies available to obtain a transcription of the electronically recorded record, or a substitute for that record in the event that the electronic record is determined to be lost or destroyed.  Until that process is exhausted, and only then, would Chief Justice Gray require that the issue of a lost or destroyed record for one preliminary hearing to be briefed as an alleged error in the briefs of the parties and not as a preliminary matter.  And with regard to resolving the issue, Chief Justice Gray would have to resolve the question of whether there could be some issue that arose at the pretrial hearing and upon which the appellant suffered an adverse ruling, that could have also adversely impacted the ultimate result of the proceedings in the trial court.  When the Court asked the parties to address the process for moving forward to obtain a record, we had not determined, and were not determining, that the record was unavailable as the appellant has assumed in his response.  In fact, that determination has still not been made.

Chief Justice Gray also notes the somewhat circular reasoning of the Court when it holds that there is nothing in the record that shows that there was an objection to the trial court's failure to have a court reporter at the hearing.  When an electronic recording is otherwise being made as the record of the proceeding, a court reporter is only necessary if one is requested.  But then again, such a request may be on the electronic recording that apparently no one has even begun to see if it is audible and can be transcribed.  Until efforts to obtain the record or a substitute for an otherwise unavailable transcription of the electronic recording have been exhausted, ordering Appellant's brief to be filed is premature.  Based on these comments and concerns Chief Justice Gray respectfully declines to join the Court's order.)

