

**NUMBER 13-16-00553-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**KEVIN TOLEDO,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

**On appeal from the 148th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Contreras, and Benavides
Memorandum Opinion by Justice Contreras**

Pursuant to a plea bargain agreement, appellant Kevin Toledo pleaded guilty to three charges arising from an incident that occurred on or about May 23, 2015: (1) aggravated assault, a second-degree felony, *see* TEX. PENAL CODE ANN. § 22.02 (West, Westlaw through 2017 1st C.S.); (2) assault family violence with a prior conviction, a third-degree felony, *see id.* § 22.01 (West, Westlaw through 2017 1st C.S.); and (3) evading

arrest or detention using a vehicle, a third-degree felony. *See id.* § 38.04 (West, Westlaw through 2017 1st C.S.). Adjudication was deferred and he was placed on community supervision for five years. Subsequently, the trial court granted the State's motion to revoke probation, adjudicated Toledo guilty, and sentenced him to eighteen years' imprisonment for the second-degree felony and ten years' imprisonment for the third-degree felonies, with the sentences to run concurrently. By a single issue on appeal, Toledo contends that the eighteen-year sentence was unconstitutionally excessive. We affirm.

## I. APPLICABLE LAW

The Eighth Amendment of the United States Constitution, applicable to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment, provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amends. VIII, XIV. The Eighth Amendment requires that punishment be "graduated and proportioned to the offense," but it does not require "strict proportionality" between the crime and the sentence. *State v. Simpson*, 488 S.W.3d 318, 322 (Tex. Crim. App. 2016) (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Instead, it forbids only extreme sentences that are "grossly disproportionate" to the crime. *Id.* (citing *Ewing v. California*, 538 U.S. 11, 23 (2003)).

> To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed

2

for the same crime in other jurisdictions. If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual.

*Id.* at 323 (citations omitted).

It is well-settled that almost every constitutional or statutory right can be waived by a failure to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). To preserve a complaint of disproportionate sentencing, the defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see* TEX. R. APP. P. 33.1.

## II. ANALYSIS

Toledo argues on appeal that "[t]he 18 year sentence imposed by the court constituted an excessive sentence under the facts of the case adduced on the record, and was more than necessary to accomplish the sentencing objectives articulated under the Texas Penal Code." He cites the state statute explaining the objectives of the penal code, *see* TEX. PENAL CODE ANN. § 1.02 (West, Westlaw through 2017 1st C.S.), and the federal statute delineating factors to be considered in imposing a sentence. *See* 18 U.S.C.A. § 3553 (West, Westlaw through P.L. 115-89).

The State contends that Toledo has waived his issue because: (1) he "failed to raise any constitutional objection to his sentence in the trial court, either at the time sentence was imposed or in his motions for new trial and reconsideration"; and (2) he failed to provide a reporter's record of the initial plea proceedings. We agree.

3

Following the trial court's adjudication and imposition of sentence, Toledo timely filed a motion for new trial and a "Motion for Reconsideration and Reduction of Sentence." The new trial motion did not challenge Toledo's sentence. The motion for consideration alleged only that "the sentence creates a hardship and burden upon [Toledo]'s family" and that "society will be adequately protected and [Toledo] punished if the term of imprisonment were to be lowered." Neither motion argued that the sentence was excessive on constitutional or statutory grounds, and those specific arguments were not made at the adjudication hearing. The allegations in the motion for reconsideration that the sentence creates a hardship for Toledo's family and that a lower sentence would be adequate do not, by themselves, raise a constitutional excessive-sentence or disproportionality claim. *See Simpson*, 488 S.W.3d at 324 (noting that, although evidence of the defendant's "minimal role in the offense, the age and circumstances of the prior offenses, his need for drug treatment, [and] his employment" was "relevant to the trial court's normative punishment decision," it did not substantiate the "legal claim that his sentence was unconstitutional").

In any event, even if we were to construe Toledo's motion for reconsideration as preserving the constitutional excessive-sentence issue for appeal, we would not be able to review that issue because, as the State notes, the record does not contain a transcript of the plea proceedings that took place at the time Toledo's adjudication was initially deferred. The issue in a disproportionality analysis following revocation of deferred-adjudication probation is whether the sentence was warranted by the crime for which the appellant was convicted, not whether it was warranted by the violations proved at the adjudication hearing. *Atchison v. State*, 124 S.W.3d 755, 760 (Tex. App.—Austin 2003,

4

pet. ref'd) (citing *Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi 1998, no pet.); *Fielding v. State*, 719 S.W.2d 361, 363 (Tex. App.—Dallas 1986, pet. ref'd)). And it is the appellant's burden "to present a record in the court of appeals that demonstrates he is entitled to appellate relief." *Davis v. State*, 345 S.W.3d 71, 78 (Tex. Crim. App. 2011). Without a record of the initial plea proceedings, we cannot determine what evidence the trial court may have considered relevant to the disproportionality analysis, including "harm caused or threatened to the victim, the culpability of the offender, [or] the offender's prior adjudicated and unadjudicated offenses." *Simpson*, 488 S.W.3d at 323.

For the foregoing reasons, we conclude that Toledo's issue on appeal has been waived, and we overrule it.

### III. CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
4th day of January, 2018.

5