

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00235-CR
No. 02-19-00236-CR

_____

RICHARD MELVIN HACK, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1497903D, 1526936D

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Richard Melvin Hack raises a single issue in his appeals from the trial court's orders adjudicating him guilty of theft and evading arrest or detention with a motor vehicle: "The trial court erred in failing to make an adequate record of the probation revocation proceeding so that the matter could be reviewed on appeal." We affirm.

The reporter did not record the adjudication proceedings,[1] but nothing in the clerk's record indicates why. Nor does the clerk's record show that appellant complained to the trial court about this failure. The Texas Court of Criminal Appeals has held that such a complaint must be preserved in the trial court to be addressed on appeal; in other words, this complaint is subject to normal error-preservation principles. *See Davis v. State*, 345 S.W.3d 71, 77 & n.21 (Tex. Crim. App. 2011) ("[E]ven if Rule 13.1 *does* impose a preliminary burden on the *trial court* to ensure the presence of a court reporter at all proceedings, our case law also imposes an additional, independent burden on the appealing party to make a record demonstrating that error occurred in the trial court."). Thus, although appellant argues that the trial court's error deprived him of due process under the Fourteenth Amendment, we may not address that complaint because he failed to ensure that the clerk's record shows he raised it in the trial court. *See id.*; *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014); *see also Boykin v. Alabama*, 395 U.S. 238, 241–42, 89 S. Ct. 1709, 1711 (1969) (reviewing adequacy of record to show whether Boykin's

---

[1]Appellant pleaded true to the State's allegations in both cases.

guilty plea was knowing, voluntary, and intelligent because Alabama law did not require preservation of that complaint in the death penalty context).

We overrule appellant's sole issue and affirm the trial court's judgments.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 31, 2019