# Court of Appeals
## Tenth Appellate District of Texas

10-24-00027-CR

Deandre Malique Desuza,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
443rd District Court of Ellis County, Texas
Judge Cynthia Ermatinger, presiding
Trial Court Cause No. 48042CR

JUSTICE HARRIS delivered the opinion of the Court.

### MEMORANDUM OPINION

Deandre Malique Desuza was convicted of trafficking and sentenced to life in prison. *See* TEX. PENAL CODE § 20A.02(a)(7)(C). Because Desuza did not present a sufficient record on appeal regarding an alleged "sticky" note on a copy of the Court's Charge to the Jury and because Desuza's complaint about punishment evidence was not preserved, the trial court's judgment is affirmed.

**BACKGROUND**

The sufficiency of the evidence to support Desuza's conviction is not contested; thus, this section will not contain a detailed recitation of the facts of the offense.

Desuza began an online "relationship" with C.B., a 14-year-old female, around October 31, 2021. On November 19, 2021, Desuza flew from his home in Las Vegas, Nevada, rented a car, and checked into a hotel in Waxahachie, Texas. Later that night, C.B. snuck out of her home, and Desuza picked her up in his rental car. Desuza drove her to the hotel room where he had sex with her, engaged in oral sex with her and she with him, and digitally penetrated her. While at the hotel, he also took nude photos of her and of them together. When he took her home, a patrol officer was at the house because C.B.'s aunt had called police. C.B. got out of the car at the creek, and Desuza drove away.

C.B. initially told the officer that nothing happened; but after speaking with her aunt, C.B. advised that something had happened. C.B. was taken by family members to Cook Children's Hospital in Fort Worth, Texas where she underwent a sexual assault exam. During the exam, DNA swabs were taken. After DNA testing, Desuza could not be eliminated as a person who contributed the DNA.

**STICKY NOTE**

In his first issue, Desuza complains that a "sticky" note on the face of the

verdict signature page of the Charge of the Court on guilt/innocence in the

Clerk's Record on appeal[1] was a comment on the weight of the evidence, and

thus, Desuza did not receive a fair and impartial trial.

The handwriting on the note reads:

> What day did you find this est. date of this—
> What day did you let DL know—
> DL had some time to prepare to defend against
> Its reasonable Notice—

There is no reference elsewhere in the record to this note. The trial court read

the entire charge and verdict form to the jury, even describing the formatting

on the verdict form:

> Now the Verdict Form, "We, the jury, find the defendant guilty of
> the offense of trafficking of persons, as charged in the indictment."
> There is a signature line for the presiding juror down below.
> "Presiding Juror" is typed in.

> Drop down: "We, the jury, find the defendant not guilty." There is
> a line for the presiding juror. Underneath that is "Presiding
> Juror."

There was no mention of a note, and the contents of the note were not read to

the jury. The jury did not send out any notes questioning, or requesting an

explanation of, the sticky note. Further, when the verdict was returned, the

---

[1] The note appears to have been on the Charge of the Court, copied along with the Charge, and included in the Clerk's Record filed with this Court.

trial court asked counsel if they wanted to "look at the jury verdict." Both viewed the verdict, but no one mentioned the sticky note.

Desuza's issue is based on speculation, and appellate courts do not decide cases "based on speculation about matters not shown in the record." *Green v. State,* 912 S.W.2d 189, 192 (Tex. Crim. App. 1995). The appealing party has the obligation to present a record in the court of appeals that demonstrates the party is entitled to relief. *Davis v. State,* 345 S.W.3d 71, 78 (Tex. Crim. App. 2011); *Amador v. State,* 221 S.W.3d 666, 675 (Tex. Crim. App. 2007) ("It was, however, appellant's burden to bring forth a record on appeal sufficient to show that the trial court erred….").

Desuza admits that the record does not show when or by whom the note was written, when it was attached to the verdict form, and if the note was even seen by the jury. Without any of this information, Desuza has not presented this Court with a sufficient record to show the trial court erred.

Accordingly, Desuza's first issue is overruled.[2] *See Davis,* 345 S.W.3d at 78.

---

[2] Alternatively, Desuza requests an abatement of the appeal to the trial court "for a hearing to determine whether jury misconduct occurred by the note being attached to the jury charge during deliberation." However, on abatement, the trial court would not be authorized to conduct any evidentiary hearing to develop a record of new testimony or other evidence that was not presented at trial or developed on a motion for new trial. *Lewis v. State*, 711 S.W.2d 41, 43 (Tex. Crim. App. 1986). Thus, we decline to abate this appeal.

**EXTRANEOUS EVIDENCE**

In his second issue, Desuza complains the trial court erred in admitting extraneous evidence at punishment because the State failed to give timely notice of such evidence to defense counsel.

Desuza, however, fails to brief this stated issue. Instead, Desuza briefs whether the punishment evidence was relevant and if so, whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. Desuza did not make those objections at trial. He only objected to the timeliness of the State's notice of intent to introduce evidence at punishment.

> As the Court of Criminal Appeals has said,
>
> Texas Rule of Appellate Procedure 33.1, which establishes the requirements for preserving a complaint for appellate review, governs this case. To preserve a complaint for appellate review, the record must show that a specific and timely complaint was made to the trial judge and that the trial judge ruled on the complaint. The specificity requirement is met if the complaint made at trial was clear enough to the trial judge so as to permit the trial judge to take corrective action when the complaint was made. The complaining party must have informed the trial judge what was wanted and why the party was entitled to it. A complaint will not be preserved if the legal basis of the complaint raised on appeal varies from the complaint made at trial.

*Lovill v. State*, 319 S.W.3d 687, 691-92 (Tex. Crim. App. 2009) (internal footnotes omitted). Because the basis of Desuza's complaint on appeal varies with the complaint raised at trial, it is not preserved for appellate review. *See*

*Ibarra v. State*, 11 S.W.3d 189, 197 (Tex. Crim. App. 1999).

Desuza's second issue is overruled.

**CONCLUSION**

Having overruled each issue on appeal, the trial court's judgment is affirmed.

 

LEE HARRIS
Justice

OPINION DELIVERED and FILED:  May 22, 2025

Before Chief Justice Johnson,
   Justice Smith, and
   Justice Harris
Affirmed
Do Not Publish
[CRPM]

