

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. PD-0040-10

**JOHN LANDON NEWMAN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

**HERVEY, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, WOMACK, JOHNSON, KEASLER and COCHRAN, JJ., joined. PRICE, J., dissented.**

## O P I N I O N

Based on federal constitutional speedy-trial grounds, appellant filed an unsworn motion to dismiss his intoxication-assault case. Appellant claimed in this unsworn motion that his Sixth Amendment federal constitutional right to a speedy trial had been violated because of an approximately eight-year delay since the filing of his intoxication-assault indictment.[1] The trial court

---

[1] The analysis of appellant's speedy-trial claim would require an examination of the four *Barker v. Wingo* factors: 1) length of delay, 2) reasons for the delay, 3) the defendant's assertion of his right to a speedy trial, and 4) prejudice. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972).

signed an order denying appellant's motion to dismiss.[2] This order indicates that the trial court denied this motion after a hearing. There is no reporter's record of this hearing in the appellate record.

In appellant's direct appeal, the court of appeals declined to consider any factual assertions contained in appellant's unsworn motion to dismiss.[3] After also noting the absence of a reporter's record from any hearing in the trial court on this motion and after cautioning "practitioners regarding the importance of developing a record," the court of appeals nevertheless decided that the "sparse" record that appellant presented was sufficient for it to consider the *Barker* factors even though this "sparse" record is silent on the second and fourth *Barker* factors.[4] And, in overturning the trial court's ruling denying appellant's unsworn motion to dismiss, the court of appeals also decided that this "sparse" record was sufficient to show that appellant's speedy-trial right was violated.[5] Having exercised our discretionary authority to review this decision,[6] we decide, as a matter of state law, that

[2]

Appellant subsequently pled guilty to the intoxication-assault indictment pursuant to a plea-bargain that reserved his right to appeal the trial court's ruling denying his motion to dismiss.

[3]

*See Newman v. State*, No. 14-08-00568-CR, slip order (Tex.App.–Houston [14th Dist.], October 8, 2009) (not designated for publication) (denying appellant's motion to supplement record with appellant's affidavit swearing to the truth of the allegations contained in his motion to dismiss).

[4]

*See Newman v. State*, 303 S.W.3d 10, 13 (Tex.App.–Houston [14th dist.] 2009) (deciding that the "sparse" record, consisting of "either certified or file-stamped copies from the court's file or the District Clerk's office," was sufficient for the court of appeals to consider appellant's speedy trial claim "despite appellant's failure to present testimonial evidence supporting this appeal").

[5]

*See Newman*, 303 S.W.3d at 13-16 (deciding that appellant's speedy-trial right was violated based on examination of *Barker* factors).

[6]

The grounds upon which we granted discretionary review state:

appellant failed to sustain his burden to present a sufficient record showing a violation of his federal constitutional right to a speedy trial.

Initially, we recognize the general rule that "an unsworn motion does not, by itself, present evidence upon which relief can be granted." *See Whitehead v. State*, 130 S.W.3d 866, 873 (Tex.Cr.App. 2004). We further note that the Legislature has not modified this rule with respect to motions to dismiss for speedy-trial violations. *See id*. Therefore, the court of appeals would have erred to consider the factual assertions in appellant's unsworn speedy-trial motion in resolving his speedy trial claim.

The State argues that "the record in this case is not properly developed in order to allow the court of appeals or this Court to rule on the merits of appellant's speedy-trial claim" because appellant failed to present a record of any hearing that may have occurred on his motion to dismiss and, thus, we cannot know what evidence or arguments were presented at any such hearing. The record that appellant presented indicates that he filed his motion to dismiss his intoxication-assault case on June 9, 2008. On June 23, 2008, appellant filed a motion entitled, "Motion For Court Reporter To Record Voir Dire, Opening & Closing Arguments." The body of this motion indicates that appellant requested the trial court "to instruct the Official Court Reporter to take down in shorthand or by any other method of recording all of the following: all pretrial hearings, the entire voir dire, all opening statements, testimony of all witnesses, all objections and the court's ruling

---

The Fourteenth Court of Appeals erred in ruling on the merits of the appellant's speedy trial claim, based solely upon the appellant's unsworn speedy trial motion and the documents attached to that motion.

The Fourteenth Court of Appeals erred in holding that a speedy trial motion is "self-proving."

thereon, all bench conferences, all communications between the court and jury, final arguments, & any testimony or objections made outside the presence of the jury." On the same day, the trial court signed an order granting the "Motion for Court Report [sic] to Record Voir Dire, Opening & Closing Statements."

On June 26, 2008, the trial court signed the order denying appellant's motion to dismiss. This order indicates that this motion was denied after a hearing. The trial court's docket sheet also seems to indicate that this motion was denied after some type of a hearing as the docket sheet indicates that the State, appellant with counsel, and possibly the court reporter were present in the trial court on June 26, 2008. The record appellant presented, however, contains no reporter's record of any hearing that may have occurred on June 26, 2008. This record also does not show whether appellant objected in the event that the court reporter was not present to transcribe the June 26, 2008 hearing.[7] There also is no designation of appellate record indicating that appellant ever requested the court reporter to prepare a transcription of the June 26, 2008 hearing. *See* TEX. R. APP. P. 34.6(b)(1) ("At or before the time for perfecting the appeal, the appellant must request in writing that the official reporter prepare the reporter's record."). Nor has appellant attempted to supplement the record with a reporter's record of a June 26, 2008 hearing. *See* TEX. R. APP. P. 34.6(d).

We decide that appellant has failed to present a record demonstrating that the trial court's decision should be overturned. With appellant having had a hearing, having lost in the trial court on his speedy-trial claim, and then having presented no record at all of a June 26, 2008 hearing on

---

[7]   We further note that "[w]hile the record may be supplemented under the appellate rules if something has been omitted, the supplementation rules cannot be used to create new evidence." *See Whitehead*, 130 S.W.3d at 872 (footnote omitted).

this claim, appellant should also have lost on direct appeal. *See Amador v. State*, 221 S.W.3d 666, 675 (Tex.Cr.App. 2007) ("It was, however, appellant's burden to bring forward a record on appeal sufficient to show that the trial court erred in his ruling on the motion to suppress."); *Word v. State*, 206 S.W.3d 646, 651-52 (Tex.Cr.App. 2006) ("It is usually the appealing party's burden to present a record showing properly preserved, reversible error."); *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex.Cr.App. 2002) (when a defendant loses on a speedy-trial motion, the appellate court presumes that the trial court resolved any disputed fact issues in the State's favor).

The judgment of the court of appeals is reversed, and the judgment of the trial court is affirmed.

Hervey, J.

Delivered: February 9, 2011
Publish