Opinion issued July 7, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00307-CR

———————————

Jason Ehrig Hodges, Appellant

V.

The State of
TExas, Appellee



 



 

On Appeal from the County Court at Law No. 5 

Harris County, Texas



Trial Court Case No. 1498171

 



 

MEMORANDUM OPINION

          A
jury found appellant, Jason Ehrig Hodges, guilty of indecent exposure and
assessed punishment at 180 days’ confinement. 
In his sole issue on appeal, appellant contends the trial court erred in
overruling his motion to dismiss the information based on a violation of
appellant’s constitutional right to a speedy trial.

We affirm.

BACKGROUND

          The
following timeline is relevant to the disposition of appellant’s point of
error:

12/20/07     Appellant was charged
by information with the offense of indecent exposure.  

 

12/21/07     A warrant was issued
for his arrest and was entered into its database by the criminal warrants
division of the Harris County Sheriff’s Office.

 

12/28/07     Notification of the
warrant was mailed to appellant’s address. 
The letter was not returned.

 

6/16/09       Appellant was
arrested.

 

6/18/09       Appellant and State
sign a case reset form.

 

7/8/09                   Appellant
and State sign a case reset form.

 

7/29/09       Appellant and State
sign a case reset form.

 

8/20/09       Appellant and State
sign a case reset form.

 

9/15/09       Appellant and State
sign a case reset form.

 

9/30/09       Appellant and State
sign a case reset form.

 

10/17/09     Appellant and State
sign a case reset form.

 

10/21/09     Appellant and State sign
a case reset form.

 

11/13/09     Appellant files an
unsworn Motion to Dismiss Information alleging a violation of his
constitutional right to a Speedy trial.  

 

11/18/09     The State files a
Response to Defendant’s Motion to Dismiss the Information.

 

12/4/09       The State files an
affidavit by Sergeant Mary Reed of the Harris County Sheriff’s office detailing
the issuance of an arrest warrant for appellant and his subsequent arrest.

 

12/15/09     Appellant files an
affidavit in support of his motion to dismiss alleging that he did not know
about the arrest warrant against him until he was arrested for another offense
and that he had no recollection of his whereabout on the date of the charged
offense.

 

12/15/09     The trial court holds a
hearing on appellant’s motion to dismiss, takes judicial notice of its file,
and receives appellant’s affidavit. 
Appellant waives the presence of a court reporter at this hearing.  

 

3/29/10       Trial commences.  Appellant reurges his Motion to Dismiss,
which the trial court denies.

 

DENIAL
OF MOTION TO DISMISS BASED ON SPEEDY TRIAL VIOLATION

 

          In his sole point of error,
appellant contends the trial court erred in ruling that the 24-month delay
between the filing of the information and the hearing on appellant’s motion to
dismiss did not violate his right to a speedy trial under the Texas and United
States Constitutions.

Applicable Law and Standard of Review

The right to a speedy trial
is guaranteed by the Sixth Amendment of the United States Constitution and is
applicable to the states through the Fourteenth Amendment. Barker v. Wingo,
407 U.S. 514, 515, 92 S. Ct. 2182, 2184 (1972); see U.S. Const. amends. VI, XIV. The Texas
Constitution also guarantees a speedy trial,
but Texas courts apply the same Barker test for speedy-trial analysis under state law as under federal law. Harris
v. State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992); see Tex. Const. art. I, § 10; Tex. Code Crim. Proc. Ann. art. 1.05 (Vernon
2005). The Barker test requires that the following non-exclusive factors
be balanced against each other to determine whether a defendant’s right to a speedy trial has been violated: (1)
the length of delay, (2) the reason for the delay, (3) appellant’s assertion of
his speedy-trial right, and (4) the
prejudice to appellant from the delay. Barker, 407 U.S. at 530, 92 S. Ct.
at 2192; Shaw v. State, 117 S.W.3d 883, 888–89 (Tex. Crim. App. 2003).

A trial court’s
conclusion on the balancing analysis is a purely legal question to be reviewed
de novo on appeal. Cantu v. State, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008).
However, fact determinations made by the trial court and on which the balancing
test is performed are to be given the deference generally afforded to such
fact-findings. Id.

Absence of Hearing Record

          The State argues
that we cannot perform a Barker balancing test because we do not have a
complete record.  We agree.

           In Newman v. State, 331 S.W.3d 447
(Tex. Crim. App. 2011), the defendant filed an unsworn motion to dismiss his
intoxication assault case, alleging that his constitutional right to a speedy
trial had been violated because of an 8-year delay between his indictment and
his trial.  Id. at 448.  Despite the lack of a reporter’s record from
the speedy trial hearing, the Fourteenth Court of Appeals held that even though
the record was “sparse” and was silent on the second and fourth Barker
factors, it could nonetheless perform the Barker balancing test.  After doing so, the court of appeals held
that appellant’s speedy trial rights were violated.  Id. at 449.  

The Court of Criminal Appeals
reversed, holding that appellant had failed to present a sufficient record
showing a violation of his right to a speedy trial.  Id. 
In so holding, the court stated that “[w]ith appellant having had a
hearing, having lost in the trial court on his speedy trial claim, and then
having presented no record at all of a . . . hearing on this claim, appellant
should also have lost on direct appeal.” 
Id. at 450 (citing Zamorano v. State, 84 S.W.3d 643, 648
(Tex. Crim. App. 2002) (stating that when defendant loses on speedy trial
motion, appellate court presumes that trial court resolved disputed fact issues
in State’s favor)).

          It
is true that in Newman, the defendant filed an unsworn motion, and here,
appellant eventually supported his motion with an affidavit. The State also
filed an affidavit.  Thus, the record
contains some of the evidence that was before the trial court at the hearing. Based
on this record, the first Barker factor weighs against the State.  Indeed, the State concedes this. However,
without a reporter’s record from the hearing, it is impossible to know whether
the facts alleged in the appellant’s affidavit were disputed or proved false by
the State regarding the remaining Barker factors.  Because appellant had a hearing on his motion
to dismiss, lost on his speedy trial claim, and presented no record from the
hearing on that claim, we overrule his speedy trial claim on appeal.  See Newman, 331 S.W.3d at 450.

CONCLUSION

          We affirm the judgment of the
trial court.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).