

# NUMBER 13-13-00136-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**MIGUEL VASQUEZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the County Court at Law No. 1
### of Hidalgo County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Miguel Vasquez appeals his conviction of driving while intoxicated, a class-B misdemeanor. *See* TEX. PENAL CODE ANN. § 49.04(a)–(b) (West, Westlaw through 2013 3d C.S.). Appellant pleaded guilty, and the trial court assessed punishment at 180 days' confinement in the county jail, which the court suspended, placing appellant on community-supervision probation for six months. By two issues,

appellant argues: (1) the trial court erred by denying his motion to suppress without hearing testimony at a suppression hearing; and (2) appellant was denied his right to a speedy trial. We affirm.

## I. MOTION TO SUPPRESS

By his first issue, appellant argues the trial court erred by denying his motion to suppress because the State failed to produce evidence that would justify the stop, search, and arrest. Although the trial court considered the offense report and video evidence, appellant contends the absence of live testimony violated his confrontation rights. *See* U.S. CONST. amend. VI; TEX. CODE CRIM. PROC. ANN. art. 1.05, §1(6) (West, Westlaw through 2013 3d C.S.).

Appellant moved to suppress the evidence from his arrest. At the suppression hearing, the arresting officer, whom the State subpoenaed to appear, failed to appear. The trial court denied the State's motion for a continuance, but thereafter stated: "Unless you have any objection, I would like to review the offense report and any videos that may be available and make a decision . . . ." Appellant said he had no objection. About one month later during a status hearing, the trial court indicated it had not yet reviewed the evidence and again asked, "Do you have any objection . . . for the Court to review the offense report and the video before it makes a determination on your request?" Appellant did not object. The trial court subsequently denied appellant's suppression motion, and appellant pleaded guilty.

Because appellant failed to object to the trial court's proposal to rule in the manner appellant challenges on appeal, even after the trial court specifically asked if he objected

2

to it on two separate occasions, this issue is unpreserved for our review. *See* TEX. R. APP. P. 33.1(a) (providing that to preserve error, an appellant must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling); *see also Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007) (same). Even constitutional errors, including the right to confrontation, can be waived by the failure to preserve them. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004); *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.—Corpus Christi 2005, pet. ref'd) (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)).

Even had appellant objected, however, Texas Code of Criminal Procedure article 28.01 allows a trial court to rule on the merits of a suppression motion without hearing testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01 (West, Westlaw through 2013 3d C.S.). Suppression hearings are informal hearings, and the trial court may decide what type of information is appropriate and reliable in making its ruling. *Ford v. State*, 305 S.W.3d 530, 539 (Tex. Crim. App. 2009). Significantly, the trial court has discretion to premise its ruling on an unsworn offense report. *See id.*; *see also, e.g., Anderson v. State*, No. 01-90-00743, 1991 WL 235346, at *3 (Tex. Crim. App. Nov. 14, 1991) (overruling as meritless the appellant's assertion "that the trial court abused its discretion in denying the motion to suppress without hearing live testimony from the State about the circumstances surrounding appellant's detention and arrest."). We overrule appellant's first issue.

## II. SPEEDY-TRIAL RIGHT

By his second issue, appellant asserts the trial court denied his constitutional and statutory speedy-trial rights. *See* U.S. CONST. amend. VI; TEX. CODE CRIM. PROC. ANN. art. 1.05. Although appellant mentioned a "motion to dismiss by reason of a speedy trial" in a pre-trial discussion, no such motion appears in the clerk's record. The trial court's docket sheet, which is in the clerk's record, does not reflect appellant filed such a motion. Further, there is no record of a speedy-trial hearing, and the record does not include any ruling by the trial court on such a motion.[1]

When reviewing a speedy-trial claim, we evaluate and weigh a non-exhaustive list of factors, including the length of the delay, the reason for the delay, the defendant's assertion of his speedy-trial right, and the prejudice resulting from the delay. *See, e.g., Newman v. State*, 331 S.W.3d 447, 449 n.5 (Tex. Crim. App. 2011) (listing the factors inculcated by *Barker v. Wingo*, 407 US. 514, 530 (1972)). Without a record of appellant's speedy-trial motion or a hearing on it, we are unable to evaluate any reasons for the delay, whether appellant's motion requested a dismissal or speedy trial, or any alleged prejudice advanced by appellant in the motion.

---

[1] Appellant did not include any clerk's record references for his speedy-trial motion. Although he attached a copy of his motion to suppress to his brief, he did not attach a copy of a speedy-trial motion. Under Texas Rule of Appellate Procedure 34.5(c), this Court may supplement the clerk's record with a relevant but omitted item. *See* TEX. R. APP. P. 34.5(c). On August 21, 2014, the clerk of this Court contacted the district clerk's office to determine whether the trial court's file contained a speedy-trial or dismissal motion. The Court was informed that the file contained no such motion. In our review, we "can assess only the evidence that is actually in the appellate record," *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007), or "was before the trial court at the time of the trial court's ruling." *Id.* at 677. Moreover, while rule 34.5(c) can be used to supplement the record with an omitted item, it "cannot be used to create new evidence." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).

None of appellant's comments to the trial court in the reporter's record address these factors, and appellant has failed to address them in his appellate brief. After reviewing the record, we hold that appellant has failed to present a record demonstrating he was denied his constitutional and statutory speedy-trial rights. *See Newman*, 331 S.W.3d at 450; *Amador*, 221 S.W.3d at 675 (appellant has the burden to bring forward a record on appeal sufficient to show that the trial court erred); *Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006) (it is the appealing party's burden to present a record showing properly preserved, reversible error."); *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002) (en banc) (holding that when a defendant loses on a speedy-trial motion, the appellate court presumes that the trial court resolved any disputed fact issues in the State's favor). We overrule appellant's second issue.

## III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of September, 2014.