ACCEPTED
14-15-00045-CR
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/25/2015 5:10:45 PM
CHRISTOPHER PRINE
CLERK

**No. 14-15-00045-CR**

In the

**COURT OF APPEALS**

For the

**FOURTEENTH SUPREME JUDICIAL DISTRICT**

At Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
8/25/2015 5:10:45 PM
CHRISTOPHER A. PRINE
Clerk

---

**Appeal in No. 11-dcr-056418**

434th District Court of Fort Bend County, Texas

---

**RENE RIVERA HERNANDEZ**

*Appellant*

*v*

**THE STATE OF TEXAS**

*Appellee*

---

**STATE'S APPELLATE BRIEF**

*Counsel for Appellee*

**JOHN F. HEALEY**
DISTRICT ATTORNEY
268TH JUDICIAL DISTRICT
FORT BEND COUNTY, TEXAS


**JOHN J. HARRITY, III**
ASSISTANT DISTRICT ATTORNEY
FORT BEND COUNTY, TEXAS
SBN # 09133100
John.Harrity@fortbendcountytx.gov
309 South Fourth Street, 2nd floor
Richmond, Texas 77469
281-341-4460 (Tel.)
281-238-3340 (Fax)

## IDENTIFICATION OF PARTIES

Pursuant to Tex. R. App. P. 38.1, a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

Appellant:
**RENE RIVERA HERNANDEZ**

Appellee:
**THE STATE OF TEXAS**

**Counsel for Appellee/State:**
**JOHN F. HEALEY, JR.**
**District Attorney**
**of Fort Bend County, Texas**
**268TH Judicial District**

**Address(es):**
**Fort Bend County**
**District Attorney's Office**
**301 Jackson Street, Rm 101**
**Richmond, Texas 77469**

**MARK LAFORGE**
**Assistant District Attorney**
**Fort Bend County, Tx.**
**(Trial)**

**(Same)**

**JOHN J. HARRITY, III**
**Assistant District Attorney**
**Ft. Bend County, Tx.**
**(Appeal Only)**

**(Same)**

**Counsel for Appellant:**
Toni L. Sharretts
**(Trial and Appeal)**
**iceattorney@aol.com**

**Address(es):**
**11054 North Hidden Oaks**
**Conroe, Texas 77384**

**Trial Judge:**
**The Hon. James H. Shoemake**
**434th District Court of Fort Bend County, Texas**

# TABLE OF CONTENTS

**SECTION**                                                                **PAGE**

IDENTIFICATION OF PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REPLY TO APPELLANT'S FIRST POINT OF ERROR. . . . . . . . . . . . . . . . . 2

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# INDEX OF AUTHORITIES

**CASES**                                                                          **PAGE**

*Amador v. State*, 221 S.W.3d 666, 673, 677 (Tex. Crim. App. 2007). . . . . . . . . 2, 3

*Barker v. Wingo*, 407 U.S. 514 (1972). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Henson v. State*, 407 S.W.3d, 764, 768-69 (Tex. Crim. App. 2013), *cert denied*, 134 S.Ct. 934 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Newman v. State*, 331 S.W.3d 447, 449 n. 5 (Tex. Crim. App. 2011). . . . . . . . . 2, 3

*Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004). . . . . . . . . . . . 2

**STATUTES AND RULES**

Tex. R. App. P. 38. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Tex. R. App. P. 38.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

## STATEMENT REGARDING ORAL ARGUMENT

The State does not believe oral argument is necessary in the present case. However, should the Court decide that it wants to hear oral argument in this case, the State would request that it be allowed to present oral argument.

**No. 14-15-00045-CR**
In the
**COURT OF APPEALS**
For the
**FOURTEENTH SUPREME JUDICIAL DISTRICT**
At Houston

**Appeal in No. 11-dcr-056418**
434th District Court of Fort Bend County, Texas

**RENE RIVERA HERNANDEZ**
*Appellant*
*v*
**THE STATE OF TEXAS**
*Appellee*

**TO THE HONORABLE COURT OF APPEALS:**
**STATEMENT OF THE CASE**

On November 18, 2014, Appellant's case was called for trial. (C.R. 100). A jury found Appellant guilty of the offense of aggravated assault with a deadly weapon and the same jury assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 10 (Ten) years with a recommendation that said sentence be suspended, and a fine of $10,000. (C.R. 101).

v

## STATEMENT OF FACTS

The State challenges all factual assertions in the Appellant's brief pursuant to Tex. R. App. P. 38 and submits its account of the facts as follows and within its reply to Appellant's points of error.

## SUMMARY OF THE ARGUMENT

Appellant failed to preserve his sole issue on appeal. Appellant's complaints entitle him to no relief on appeal.

**REPLY TO APPELLANT'S FIRST POINT OF ERROR**

In his sole issue, appellant argues that the State violated his constitutional right to a speedy trial when tried almost six years after formal accusation. (App. Br. p. 2). Appellant makes no argument or citation to the reporter's record where this issue was ever raised at trial. The clerk's record on appeal including the docket sheet make no reference to any motion indicating that appellant's complaint on appeal was ever raised at trial. On appeal, the reviewing court "can assess only the evidence that is actually in the appellate record or "was before the trial court at the time of the trial court's ruling." *Amador v. State*, 221 S.W.3d 666, 673, 677 (Tex. Crim. App. 2007). Although the rules of appellate procedure may be used to supplement the record with an omitted item, it "cannot be used to create new evidence." *Whitehead v. State*, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004).

In order to review a speedy-trial claim on appeal, the appellate court evaluates and weighs a non-exhaustive list of factors, including the length of the delay, the reason for the delay, the defendant's assertion of his speedy-trial right, and the prejudice from the alleged delay. *See Newman v. State*, 331 S.W.3d 447, 449 n. 5 (Tex. Crim. App. 2011)(listing the factors set out in *Barker v. Wingo*, 407 U.S. 514 (1972). Without a record of Appellant's motion for speedy-trial, or the record of any

hearing had on the same, the reviewing court cannot evaluate the necessary factors, or whether Appellant ever filed a motion, secured a ruling or was in any way prejudiced by a violation of his right to a speedy-trial.

Appellant has failed to present a record demonstrating that he ever filed a motion for speedy-trial, much less denied his right to a speedy trial. *See Newman*, 331 S.W.3d at 450. Appellant bears the burden of developing and bringing forth a record on appeal to show that the trial court erred. *Amador*, 221 S.W.3d at 675. Even if Appellant did present a motion for speedy-trial and loses at the trial level, he still bears the burden of bringing forth the record as a reviewing court presumes that the trial court resolved any disputed fact issues in the State's favor.

Further, the Court of Criminal Appeals held in *Henson v. State*, 407 S.W.3d, 764, 768-69 (Tex. Crim. App. 2013), *cert denied*, 134 S.Ct. 934 (2014) that a defendant must raise a speedy-trial claim in the trial court for the issue to be preserved for appeal. Appellant has failed to present a record that he ever demanded a speedy-trial at the trial court level. Appellant has failed to preserve his sole issue on appeal, that he was denied his right to a speedy-trial for appellate review. Appellant's sole point of error should be overruled.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** it is respectfully submitted that all things are regular and that this Court find no reversible error in Appellant's conviction, affirm the judgment and sentence in all things, and order execution of the judgment and sentence in accordance with the opinion of the Court.

Respectfully submitted,
**John F. Healey, Jr.**
District Attorney, Fort Bend County
268th Judicial District


 /s/    John J. Harrity, III
John J. Harrity, III
Assistant District Attorney
Fort Bend County, Texas
SBN # 09133100
John.Harrity@fortbendcountytx.gov
301 Jackson Street, Room 101
Richmond, Texas 77469
281-341-4460 (office)
281-341-8638 (fax)

**CERTIFICATE OF COMPLIANCE**

This is to certify that in accordance with Texas Rule of Appellate Procedure 9.4(i)(3), this State's Appellate Brief has been reviewed by the word count function in WordPerfect, and contains 1218 words in its entirety.

/s/   John J. Harrity, III
John J. Harrity, III

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been forwarded to Appellant's attorney of record, Toni L. Sharretts, 11054 North Hidden Oaks, Conroe, Texas 77384 or via email at iceattorney@aol.com, or via e-filing on the date of the filing of the  original with the Clerk of this Court.

/s/   John J. Harrity, III
John J. Harrity, III