AP-77,041
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/16/2015 12:00:00 AM
Accepted 11/16/2015 7:47:33 AM
ABEL ACOSTA
CLERK

**IN THE COURT OF CRIMINAL APPEALS OF TEXAS AT AUSTIN**

FILED IN
COURT OF CRIMINAL APPEALS

November 16, 2015

ABEL ACOSTA, CLERK

| | |
|---|---|
| **BRIAN SUNIGA,** **Appellant** § § § | |
| **v.** § § § | **No. AP-77,041** |
| **THE STATE OF TEXAS,** **Appellee** § § § § | |
| _____ § | |

**FURTHER MOTION TO ABATE APPEAL FOR COMPLETION OF
APPELLATE RECORD**

Comes now, Brian Suniga, Appellant, by and through counsel and files this

Further Motion to Abate Appeal for Completion of Appellate Record, pursuant to

TEX. R. APP. P. 34.6(d), in support whereof Appellant states the following.

**RELEVANT PROCEDURAL HISTORY AND FACTS**

Appellant was convicted of capital murder and sentenced to death in the

140th Judicial District Court, Lubbock County, Texas, the Honorable Jim B.

Darnell presiding, Case # 2012-434,109. Appellant filed a designation of the

record on June 27, 2014. Upon a preliminary review of the record, it came to

counsel's notice that there were omissions from both the Clerk's Record and the

Reporter's Record which needed to be remedied before the Appellant's Opening

Brief could be prepared.

1

The missing items included a Motion to Suppress based on the Fourth Amendment to the United States Constitution, requested Findings of Fact and Conclusions of Law concerning the denial of the Motion to Suppress, exhibits to two motions for a change of venue filed by defense counsel, a copy of the trial court's docket sheet, the transcript of the initial jury call and taking of juror excuses, the transcript of a hearing concerning an attempt by Appellant to discharge trial counsel and many sealed documents, motions and orders, which were not reflected in the existing Clerk's Record in any way.

On April 29, 2015, undersigned counsel filed a "Motion to Abate Appeal for the Trial Court to Enter Findings of Fact and Conclusions of Law and for Completion of Appellate Record," asking this Court to order the trial court to prepare the missing Findings of Fact and Conclusions of Law, the Clerk of the 140th District Court to provide a supplemental Clerk's Record containing the relevant missing items, and the Court Reporter of the 140th District Court to provide a supplemental Reporter's Record of any hearings or proceedings conducted in this cause and not already provided. That motion was granted on May 20, 2015, and supplemental Clerk's and Reporter's Records were filed on

June 22, 2015.[1]

Undersigned counsel subsequently sought two extensions of time, on July 15, 2015, and October 16, 2015, respectively, in which to file Appellant's Opening Brief. Those motions were granted and the opening brief is currently due on November 19, 2015. However, the undersigned has recently discovered, in the course of preparing the Opening Brief, that there remains at least one further proceeding in the case that does not appear in the Reporter's Record.

During the time that jury selection in this case was taking place, there had been a flurry of media coverage concerning Mr. Suniga's case and his alleged links to the "Tango Blast" gang. Consequently, defense counsel moved for a change of venue, which was denied. 3 CR 1849-75; 21 RR 13-25. A gag order had been issued, 3 CR 1846, but there was further media coverage nonetheless. 25 RR 12-16. On May 2, 2014, the trial court indicated on the record that it had instructed the court coordinator to locate Lieutenant Billy Koontz and Chief Deputy Cody Scott of the Lubbock County Sheriff's Office, both of whom had been quoted in an article in the Lubbock Avalanche Journal despite the gag order. The trial court stated that "the Court is going to have a conversation with them." 25 RR 16.

---

[1]No docket sheet has ever been provided. It appears that Lubbock County does not maintain docket sheets in criminal cases, despite the statutory requirement to do so. TEX. CODE CRIM. PROC. Art. 33.07.

Although the record does not reflect whether Chief Deputy Scott was ever interviewed by the trial court, or appeared at a hearing, defense counsel indicated in "Defendant's Second Motion for Change of Venue, Dismissal of Twelve Presently Selected Jurors and the Remainder of the Venire," 3 CR 1958-1985, that Lieutenant Koontz had been brought before the court and interviewed on May 2, 2014, although "[t]he transcript of this portion of the record is not yet available to defense counsel." 3 CR 1964. That transcript still does not appear in the Reporter's Record as it currently stands.

The undersigned has attempted to contact the court reporter to request the transcript of any proceedings concerning Lt. Koontz or Chief Deputy Scott, or any other hearing or proceeding that has not yet been transcribed, but has not yet received a response.

**LEGAL PRINCIPLES CONCERNING PROVISION
OF APPELLATE RECORD.**

As stated in Appellant's previous Motion to Abate, the importance of the appellate record in a criminal case is well-established. In *Griffin v. Illinois*, 351 U.S. 12 (1956) the Supreme Court held that an indigent criminal defendant has a right to the provision of the transcript of his trial, rooted in the Due Process and Equal Protection Clauses of the Fourteenth Amendment. The right to a transcript

4

when faced with "devastatingly adverse action" by the State was re-affirmed in *M.L.B. v. S.L.J.*, 519 U.S. 102, 117 (1996) (petitioner entitled to free transcript in case concerning termination of parental rights). An indigent inmate's access to his trial transcript must not be impeded. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014) (indigent inmate had clear right to access to information about cost of obtaining trial transcript, which was required by "unequivocal, well-settled, and clearly controlling legal principles").

It is also counsel's duty to ensure that a complete record is before the court, since the appealing party must present the appellate tribunal with the record necessary to establish a right to relief. *Newman v. State*, 331 S.W.3d 447 (Tex. Crim. App. 2011)(appellant who presented no record of a hearing concerning his speedy trial claim should have lost in court of appeals). The duty of counsel in a capital case to ensure that the official record of the proceedings is complete is explicitly imposed by the State Bar of Texas: *Guidelines and Standards for Texas Capital Counsel*, Texas Bar Journal 966-982 (November 2006), *see* Guideline 11.1.C: "Counsel at every stage have an obligation to satisfy themselves independently that the official record of the proceedings is complete and to supplement it as appropriate;" Guideline 12.2.A.7.

Where the Reporter's Record is found to be incomplete, the appellate court

may direct the court reporter to prepare, certify, and file the missing items or record in the appellate court. TEX. R. APP.P. 34.6(d). Although Appellant's opening brief is in the latter stages of preparation, it cannot be filed before the record in the case is finally complete and any relevant items taken into account in the points of error that are being raised.

## CONCLUSION AND PRAYER.

WHEREFORE, Appellant Brian Suniga, prays that the Court of Criminal Appeals should abate this case and its briefing schedule with immediate effect and remand the case to the 140th District Court with instructions to the Court Reporter to prepare and file the missing transcript of any proceedings involving Lt. Koontz or Chief Deputy Scott, and also to ascertain whether there are any remaining hearings or proceedings in this case that have not been transcribed and made part of the Reporter's Record.

Appellant further prays for a period of fourteen days from the time that the supplemental Reporter's Record filed, in order to review the additional materials and incorporate them into the Opening Brief.[2]

---

[2]Although TEX. R. APP. P. 38.6 provides for thirty days for the preparation of an Appellant's Brief after the record is filed, given the advanced stage of preparation of the Brief in this case, no more time than fourteen days is likely to be needed for its completion, unless it transpires that any further Supplemental Reporter's Record is very substantial.

Respectfully submitted,

_Hilary Sheard_

_____

HILARY SHEARD
Law Office of Hilary Sheard
7421 Burnet Road # 300-512
Austin, Texas 78757
Phone (512) 524 1371
Fax (512) 646 7067
HilarySheard@Hotmail.com

*Attorney for Appellant .*

## CERTIFICATE OF SERVICE

I certify that on November 14, 2015, a copy of the foregoing pleading was served electronically via www.efileTexas.gov on:

Jeffrey S. Ford, Esq.
Chief - Appellate Division
Lubbock County District Attorney's Office
Lubbock County Courthouse
904 Broadway - 2nd Floor
P.O. Box 10536
Lubbock, Texas 79408.
JFord@LubbockCDA.com

_____
Hilary Sheard.