

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00375-CR

**PAUL SCOTT BAILEY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 1
### Johnson County, Texas
### Trial Court No. M201201837

## MEMORANDUM  OPINION

On October 29, 2012, Appellant Paul Bailey was charged by information and a sworn complaint (dated October 18, 2012) with committing the offense of driving while intoxicated on September 9, 2012.  *See* TEX. CODE CRIM. PROC. ANN. arts. 2.04, 2.05 (West 2009); art. 15.05 (West 2009); arts. 21.20, 21.21, & 21.22 (West 2009); TEX. PENAL CODE ANN. § 49.04 (West 2011 & Supp. 2015).  A jury found Bailey, who represented himself, guilty, and the trial court sentenced him to 120 days in jail, probated for two years, and a $1,000

fine.  Bailey, still representing himself, appeals, presenting five issues.[1]  We will affirm.

**Background:**  Trooper Richard Zaborowski testified that on the evening of September 9, 2012, he was on patrol in Johnson County, Texas.  At approximately 12:15 a.m., he was travelling north on FM 2738 and observed a vehicle that did not have illuminated tail lamps.  The vehicle was driving below the posted speed limit of 55 miles per hour and was weaving within its lane.  The vehicle then crossed the yellow center stripe three times and disregarded the trooper's lights and siren.

After the vehicle turned right onto another road and finally stopped, Bailey got out of the vehicle and had difficulty locating his driver's license in his wallet.  Trooper Zaborowski observed Bailey to have the odor of alcohol on his breath and person.  Bailey admitted to Trooper Zaborowski to having five or six drinks that evening since around 5:00 p.m.  Trooper Zaborowski performed the horizontal-gaze nystagmus test on Bailey, and he showed six out of six clues.  Bailey then refused to perform any other field-sobriety tests.

Trooper Zaborowski arrested Bailey for driving while intoxicated.  At the jail, Bailey refused to perform any sobriety tests, and after being read his DIC 24 warnings, he refused to provide a breath specimen.  Trooper Zaborowski obtained a warrant from a magistrate for a blood draw, and Bailey's blood was drawn by a nurse at the jail.  The blood-test result showed a BAC of 0.135.

---

[1] Bailey's several briefs are deficient in several respects, but we invoke Rule 2 to suspend Rule 38.1's brief requirements to expedite this matter.  *See* TEX. R. APP. P. 2; *see also In re Marriage of Jordan,* 264 S.W.3d 850, 852 n.1 (Tex. App.—Waco 2008, no pet.) (stating that we review and evaluate pro se briefs with patience and liberality).  Also, we disregard Bailey's factual statements that are outside the record.  *See In re Marriage of Hernandez,* No. 10-09-00136-CV, 2011 WL 3821995 at *3, n.3 (Tex. App.—Waco Aug. 10, 2011, no pet.).

**Pretrial matters:** In his first two issues, Bailey complains about numerous pretrial matters. Bailey argues that the trial court refused to give him written responses to his numerous pretrial motions,[2] wrongfully denied his motion for continuance, wrongfully denied his motion to dismiss based upon his right to a speedy trial, and wrongfully denied him a sworn complaint. He further argues the trial court talked him out of testifying on his own behalf and erred in allowing testimony from the nurse who drew Bailey's blood.[3] Bailey also argues that the State of Texas was not present at trial and that he was thus denied the right to confront his accuser,[4] and that he was never given the sworn complaint.[5]

> Initially we must note that pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). A pro se litigant is required to properly present his case on appeal just as he is required to do at the trial court. *Strange*, 126 S.W.3d at 678. This Court has no duty to perform an independent review of the record and applicable law to determine whether there was error. *Strange*, 126 S.W.3d at 678. Were we to do so, even on behalf of a pro se litigant, we would be forced to stray from our role as neutral adjudicators and become an advocate for that party. *See Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied). Similarly, we cannot and will not speculate as to the substance of the issues [Appellant] urges us to address but fails to appropriately include in his brief. *See Strange*, 126 S.W.3d at 678.

---

[2] We assume that Bailey is referring to the trial court's failure to issue written rulings on the motions.

[3] We address the nurse's testimony in the suppression issues below.

[4] The record reflects that the State was represented by a prosecutor, and the limited reporter's records reflect that Baily had the opportunity to cross-examine the State's witnesses.

[5] The sworn complaint is in the clerk's record. The record does not reflect that Bailey sought but was unable to obtain a copy of the complaint.

The Texas Rules of Appellate Procedure require an appellant's brief to concisely state all issues or points presented for review. TEX. R. APP. P. 38.1(f). An issue presented in an appellant's brief is sufficient if it directs the attention of the appellate court to the error about which the complaint is made. *See Maddox*, 135 S.W.3d at 163-64.

*In re C.N.M.*, No. 10-10-00178-CV, 2011 WL 1049383, at *1 (Tex. App.—Waco Mar. 23, 2011, no pet.) (mem. op.); *see Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988) (noting that pro se litigants are held to the same standards as a licensed attorney and are not granted any special consideration).

To preserve a complaint on pretrial rulings for appellate review, an appellant must request, obtain, and provide an appellate record of the pretrial motions and hearings being complained about. *See* TEX. R. APP. P. 33.1(a), 34; *Newman v. State*, 331 S.W.3d 447, 450 (Tex. Crim. App. 2011). The trial court's docket sheet reflects that Bailey filed numerous pretrial motions, but Bailey, who is not indigent, requested and had included in the clerk's record only two motions (a motion to suppress and a motion to dismiss for lack of jurisdiction). The only reporter's records that Bailey has requested, obtained, and provided are the testimony of the State's blood chemist and Trooper Zaborowski and an excerpt of the punishment hearing.

The clerk's record reflects that the trial court made rulings on multiple pretrial motions, both on September 30, 2013 and October 9, 2013. *See Newman*, 331 S.W.3d at 449-50 (noting that docket sheet indicated that trial court denied defendant's motion after a hearing). Bailey, however, has failed to provide a record that contains any alleged error made by the trial court at the pretrial hearings, and he has thus failed to preserve and present his complaints on those matters for appellate review. Because Bailey has failed

to bring forth an adequate clerk's record and reporter's record to support any complaint about the trial court's rulings on his pretrial motions, we overrule issues one and two. *See Newman*, 331 S.W.3d at 449-50 ("We decide that appellant has failed to present a record demonstrating that the trial court's decision should be overturned.").

**Suppression:** In issues three and four, Bailey complains about several aspects of the blood draw: that he thought that his arm was injected by the nurse with air and injured; the nurse's hands were shaking; the officer handed gauze to the nurse with "non-sterile" hands; the officer put his and the nurse's name on the blood sample; the nurse remembered Bailey but did not remember the details of the blood draw; and the video recorder of the blood draw malfunctioned and did not record it.[6] Regarding the nurse's testimony, because Bailey did not request and provide a reporter's record of her testimony, his complaints about her testimony present nothing for appellate review. *See id.* And as the State correctly points out, Bailey did not object to the trial court's admission of the blood-test result; in fact, he stated on the record that he had no objection to that exhibit's admission. Because Bailey has not shown error in the admission of the blood-test result, we overrule issues three and four.

In a supplemental brief that we allowed Bailey to file after the filing of a supplemental reporter's record with Trooper Zaborowski's testimony, Bailey reiterates many of the above complaints and further points out Trooper Zaborowski's alleged inconsistencies and credibility issues pertaining to the traffic stop and alleged tampering

---

[6] Bailey also complains that there was no implied consent to the blood draw because he had previously informed the DPS that he disagreed with the terms of his driver's license, but as we noted above, the blood draw was taken pursuant to a warrant, not implied consent.

with the video of the traffic stop. Bailey, however, does not expressly link the arguments in his supplemental brief to any of his issues. If these arguments pertain to the trial court's overruling of Bailey's motion to suppress, we hold that the trial court did not abuse its discretion. If these arguments are a complaint about the sufficiency of the evidence, viewing all the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found that Bailey committed the offense of driving while intoxicated beyond a reasonable doubt.

**Jurisdiction:** In issue five, Bailey asserts that the State and the trial court did not have jurisdiction over him because he is a sovereign man by birth—not the "fictitious person Paul Bailey," but "Paul of the Bailey Family"—and that he has reserved his sovereign rights. As best as we can determine, Bailey's argument is that he is a sovereign and is not a person subject to the laws of Texas. None of Bailey's cited authorities supports his issue and arguments. We have found one case that addresses nearly identical arguments made by a pro se defendant. Justin Wayne Gray was found guilty of the misdemeanor offense of driving with a suspended license. *Gray v. State*, No. 03-09-00408-CR, 2010 WL 3271240, at *1 (Tex. App.—Austin Aug. 18, 2010, no pet.) (mem. op., not designated for publication).

> Prior to trial, Gray filed several motions with the trial court. These motions were based in part on various representations that Gray had made in a document that he styled an "Affidavit of Truth." In the affidavit, Gray contends that he is "not the person, 'JUSTIN WAYNE GRAY,' named on any papers submitted in this case," but instead "is a living, flesh and blood son of God by the Christian name of Justin Wayne Gray." Gray also referred to himself throughout his pleadings as a "sovereign man" and a "sovereign political power holder." Characterizing the criminal case against him as a lawsuit filed against a sovereign, Gray asserted that he has

no contract or agreement with the State of Texas or Travis County, "is not a party of the body politic or corporate," and "has not joined in the above captioned suit." Gray also filed a document styled "Motions to Dismiss," in which Gray listed several reasons why he believed the case should be dismissed or the evidence suppressed, including "failure to establish probable cause for the traffic stop," failure of the State to "invoke jurisdiction," "failure to obtain and correct the true name of the Defendant," "failure to explain the nature and cause of the accusation," and a claim that his arrest violated the war powers clause of the United States Constitution. Other motions and documents filed by Gray asserted that the case should be dismissed by "default" based on the failure of the State to respond to Gray's motions and pleadings. The trial court denied all of Gray's motions.

….

In his third issue, Gray asserts that the trial court erred by presuming that a "sovereign man" is a "person" subject to the laws of the State of Texas. According to Gray, "sovereigns are excluded from all the statutes." Gray characterizes himself as a sovereign exempt from the laws of this State. We disagree. A "person," as that term is defined by statute, means an individual, corporation, or association. TEX. PENAL CODE ANN. § 1.07 (38) (West Supp. 2009). An "individual" means a human being who is alive. *Id.* § 1.07(26). Gray is a person subject to the laws of this State. We overrule Gray's third issue.

In his fourth issue, Gray asserts that the trial court lacked personal and subject-matter jurisdiction. We disagree. "Under the explicit terms of the constitution itself, the mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant, regardless of any defect that might exist in the underlying complaint." *Aguilar v. State,* 846 S.W.2d 318, 320 (Tex. Crim. App. 1993) (citing TEX. CONST. art. V, § 12(b)). Moreover, statutory county courts have subject-matter jurisdiction over misdemeanor offenses. *See* TEX. GOV'T CODE ANN. §§ 25.0003(a), 26.045(a) (West Supp. 2009). Gray was charged by information with the misdemeanor offense of driving while his license was suspended. *See* TEX. TRANSP. CODE ANN. § 521.457(a)(2) (West Supp. 2009). Thus, the trial court had personal and subject-matter jurisdiction in this case. We overrule Gray's fourth issue.

*Id.,* 2010 WL 3271240, at *1-3.

For the same reasons, and because Bailey's issue and arguments are frivolous, we overrule issue five. Having overruled all of Bailey's issues, we affirm the trial court's judgment.



REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed December 31, 2015
Do not publish
[CR25]

